JOHN H. BRADLEY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed July 6th, 1921.

CRIMINAL LAW—HOMICIDE—CHARGES TO JURY BY THE COURT MUST BE BASED UPON THE FACTS IN PROOF, AND IF PREDICATED UPON FACTS STATED THEREIN, OF WHICH THERE IS NO PROOF, THEY ARE ERRONEOUS.

1. Charges of the court must be based upon facts in proof, and if not so based upon the facts in proof it is error to give them.

2. Where a charge by the court to the jury is predicated upon facts stated therein, of which facts there is no proof, such charge is error.

A Writ of Error to the Circuit Court for Holmes County; D. J. Jones, Judge.

Reversed.

*Mathis* & *Weeks*, for Plaintiff in Error;

*Rivers H. Buford*, Attorney General, and *J. B. Gaines*, Assistant, for the State.

TAYLOR, J.—The plaintiff in error, John H. Bradley, was indicted and tried in the Circuit Court of Holmes County for murder in the first degree, was convicted of and sentenced for murder in the second degree, and by writ of error brings this judgment here for review.

There are but two assignments of error presented here. The first that the court below erred in giving to the jury the following charge at the request of the State: "The Court charges you that under the law a man who has been threatened may go wherever his legitimate business calls him, but he has not the right to lie in wait for and slay his adversary; neither may one who seeks a person who intends to kill him, or otherwise brings the danger upon himself, avail himself of the plea of self defense." There is no evidence of anything in this case on the part of the plaintiff in error of the nature of a "lying in wait" for the deceased. Neither is there any evidence in the case that the plaintiff in error sought the deceased in order to kill him or to have a difficulty with him, but on the contrary, all of the evidence shows that the plaintiff in error was on or practically on his own premises at his home when the fatal difficulty occurred, and the deceased was apparently following him up with a gun in his hands that he had pointed directly at the plaintiff in error at the time the fatal shot was fired by the latter.

Charges of the Court must be based upon facts in proof, and if not so based upon the facts in proof, it is error to give them, and the court below erred in giving the quoted charge. Irvin v. State, 19 Fla. 872; Washington v. State, 21 Fla. 328; Lewton v. Hower, 35 Fla. 58, 16 South. Rep. 616; Doyle v. State, 39 Fla. 155, 22 South. Rep. 272; West v. State, 55 Fla. 200, 46 South. Rep. 93.

That it was harmful error to the plaintiff in error we think is patent. The evidence in the case seems to us to preponderate towards making out a case of self defense. The questioned charge deprives him of the right to self defense, *if* he laid in wait for the deceased, or *if* he followed him up for a difficulty with him, when there is not

a syllable of proof in the record to support, establish or suggest either of the forfeiting "ifs." The words of a trial judge during the progress of a trial have great weight with juries, so that they cannot use too much care in what they say in reference to a case on trial, especially so in their formal charges to the jury; when the judge in the questioned charge interjected into the case for the first time the idea of a "lying in wait," and a "following up" of the deceased by the plaintiff in error, without a word of proof to establish either fact, it was calculated to mislead the jury into the idea that the judge was of the opinion that there was a lying in wait for the deceased and a following of him up by the plaintiff in error.

In what we have said, we have practically disposed of both assignments of error.

The judgment of the court below in said case must be, and is hereby reversed at the cost of Holmes County.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.