RYDER, Judge.
Appellant was charged, tried and convicted of first degree murder. He was sentenced to life imprisonment. He now appeals alleging, inter alia, that the trial judge erred in failing to instruct the jury as to the essential elements of the crime of robbery during an instruction on homicide committed during the perpetration of a felony. The offense allegedly occurred on November 13, 1974.
In Florida under Section 782.04, Florida Statutes (1973), the unlawful killing of a human being shall be murder in the first degree and punishable by death in either of two circumstances: (1) “When perpetrated from a premeditated design to effect the death of the person killed or any human being . . .,” or (2) “When committed in the perpetration of, or in the attempt to perpetrate, any . . . robbery, . . .” The latter circumstance is commonly referred to as the felony-murder rule.
Section 813.011, Florida Statutes (1973), the statute then in force, defines robbery when one, by force, violence, or assault, or putting in fear feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny.
Upon review of the record in this case, the facts and evidence developed during the trial make the application of the felony-murder rule most appropriate, and there is ample evidence from which it could be found by a jury that appellant committed a homicide in the perpetration of the felony of robbery.
The trial court gave the jury an instruction on the felony-murder rule and named the felony of robbery, but did not define robbery. At the conclusion of instructions to the jury by the trial court, the state attorney and the defense attorney approached the bench at the request of the trial judge who asked the state attorney and defense attorney whether or not any further instructions should be given to the jury. Out of the hearing of the jury, the prosecuting attorney indicated to the court that although it had instructed on the felony-murder rule, it had omitted defining the essential elements of the felony. He requested that the trial court thereafter *1124 define robbery to the jury. The defense attorney was silent in this respect and merely expressed concern in another area. The trial court declined to define robbery, indicating that any further instructions might confuse the jury.
Thereafter, the jury was instructed to deliberate and later returned a verdict of guilty as charged. This timely appeal followed.
The attorney general argues that, inasmuch as the defense attorney did not request this instruction, no error occurred. Appellant responds that such an instruction is so basic that a request need not be made and points to the well-reasoned Supreme Court opinion of Robles v. State, 188 So.2d 789 (Fla.1966).
Seldom has this court come upon two cases as similar as the Robles case and the one sub judice. As did the Robles court, so does this court hold that proof of the elements of the underlying felony would be necessary in order to convict one under the felony-murder rule and thus the trial court was obliged to instruct the jury concerning them whether or not requested to do so. See Robles v. State, supra, and cases cited therein.
In view of our decision, it is unnecessary to discuss appellant’s second point on appeal.
For the reasons above expressed, the judgment and sentence are REVERSED and the cause is REMANDED for a new trial.
GRIMES, C. J., and HOBSON, J., concur.