377 So.2d 1163 (1979)
STATE of Florida, Petitioner,
v.
Wiley JONES, Jr., Respondent.
No. 55551.
Supreme Court of Florida.
December 13, 1979.
*1164 Jim Smith, Atty. Gen. and Robert J. Landry and Charles Corces, Jr., Asst. Attys. Gen., Tampa, for petitioner.
Jack O. Johnson, Public Defender, Bartow and Wayne Chalu, Asst. Public Defender, Tampa, for respondent.
ALDERMAN, Justice.
We accept jurisdiction to review the decision of the district court in Jones v. State, 363 So.2d 1123 (Fla.2d DCA 1978), because of its apparent conflict with Zuberi v. State, 343 So.2d 664 (Fla.3d DCA 1977). We approve the decision of the district court in Jones and hold that the trial court's refusal in this felony-murder case to give any instruction on the elements of the underlying felony of robbery was fundamental error not waived by the defendant's failure to object.
The trial judge instructed the jury on felony murder without giving any instruction on the underlying felony of robbery. Although the defendant did not object, the omission was brought to the trial judge's attention by the state attorney. On appeal, the district court reversed on the authority of Robles v. State, 188 So.2d 789 (Fla. 1966). It concluded there was ample evidence that Jones had committed a homicide in the perpetration of the felony of robbery and that application of the felony-murder rule was most appropriate, but it made no finding on the sufficiency of the evidence to establish premeditated murder.
The State contends only that the trial court did not commit reversible error in failing to define robbery under a felony murder instruction when the defendant neither requested the instruction nor objected to the court's refusal to so instruct. The State does not contend that the trial court's error was made harmless because there was sufficient evidence to establish premeditated murder.
As a general rule, appellate courts will not review a matter raised for the first time on appeal. Fla.R.Crim.P. 3.390(d). In Castor v. State, 365 So.2d 701 (Fla. 1978), we pointed out that the requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. Its purpose is to place the trial judge on notice that error may have been committed and to provide him an opportunity to correct it at an early stage of the proceedings. Only in the rare case of fundamental error is the defendant's right to appeal preserved without a contemporaneous objection.
In this case, the crime of robbery was an essential part of the felony-murder theory upon which the jury was instructed to decide the defendant's guilt. Although the elements of this underlying felony need not be explained with the same particularity that would have been required if it had been the primary crime charged, it is essential that it be defined sufficiently to ensure the accused a fair trial. Robles v. State. Since proof of the elements of robbery was necessary in order to convict the defendant under the felony-murder theory, the court was obligated at least to give some minimum instruction on these elements.
Our recent decision in Vasil v. State, 374 So.2d 465 (Fla. 1979), is distinguishable. There, the defendant, charged with first-degree murder on alternate theories of premeditation and felony murder based upon the crime of rape, claimed the trial court erred by not instructing on the element of penetration. Reaffirming the rule that it is not necessary to instruct on the elements of *1165 the underlying felony with the same particularity that would be required if that offense were the primary crime charged, we found the trial judge's instructions, which recited all of the elements of the crime of rape, to be adequate.
In the present case, there was a complete failure to give any instruction on the elements of the underlying felony of robbery. This was fundamental error. It is essential to a fair trial that the jury be able to reach a verdict based upon the law and not be left to its own devices to determine what constitutes the underlying felony. Robles v. State.
Accordingly, the judgment of the district court is affirmed, and, to the extent that Zuberi v. State may conflict with this opinion, it is disapproved.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON and SUNDBERG, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting.
I dissent.
At issue before this Court is whether the trial court's failure to define the term of robbery within the felony murder portion of a first-degree murder instruction is fundamental error. If so, the error may be presumed prejudicial and the harmless error doctrine does not apply. If not, the Court should make a finding as to whether the evidence supports the verdict on either ground. Only in the absence of sufficient evidence of premeditated design would the limited felony murder charge be prejudicial.
The majority opinion holds that the failure to instruct on the elements of the underlying felony in a felony murder case is fundamental error. There is no finding or discussion as to evidence of premeditation design. Apparently the majority feels that premeditated murder was not properly raised as an issue in either the district court of appeal opinion or the briefs. In fact, the Second District Court of Appeal viewed the record and found that application of the felony murder rule was "most appropriate", there being ample evidence that the homicide was committed in the perpetration of a robbery. Jones v. State, 363 So.2d 1123, 1123 (Fla.2d DCA 1978). This finding was not disputed on appeal. Arguably, this is an implied finding that there was no competent evidence of premeditated murder in the record. The Second District Court of Appeal relied on Robles v. State, 188 So.2d 789 (Fla. 1966), to hold that in a felony murder case, the court must instruct on the elements of the underlying felony. The Robles court also failed to discuss premeditated murder and it, too, found ample evidence to support the burglary.
In Robles this Court reversed a first-degree murder conviction on, inter alia, the ground that the instructions on felony murder were erroneous. The Court did not make any finding on the sufficiency of the evidence in the record to support premeditated murder or on the doctrine of harmless error. In Frazier v. State, 107 So.2d 16 (Fla. 1958), this Court found sufficient evidence in the record to support a finding of premeditation so that error, if any, in the felony murder instruction was harmless. The failure of the Court to follow Frazier's rationale has led to damaging confusion on the issue of premeditation and felony murder vis a vis intent in first degree murder cases.
Two theories of intent will support a first-degree murder conviction: premeditation and felony murder. § 782.04, Fla. Stat. (1977). Initially courts spoke of the two as "legal equivalents", the one provable "in lieu of" the other. Sloan v. State, 70 Fla. 163, 69 So. 871 (1915). The two are related because each provides the element of intent necessary for murder in the first degree. Premeditation is more easily seen as a species of intent than felony murder and is designated most frequently as the crucial distinction between murder in the first degree and murder in the second degree. This is probably what spawned the language seen in innumerable cases, i.e., premeditation is presumed as a matter of law by proof of felony murder. Ables v. State, *1166 338 So.2d 1095 (Fla.1st DCA 1976); Larry v. State, 104 So.2d 352 (Fla. 1958); Leiby v. State, 50 So.2d 529 (Fla. 1951). It would be more accurate to say the requisite intent is presumed from proof of felony murder. Hampton v. State, 336 So.2d 378 (Fla.1st DCA 1976); 1 Warren on Homicide § 74 (1914). Either premeditation or felony murder should suffice to convict of murder in the first degree.
In line with this alternative theory of intent analysis, an indictment which charges only premeditated murder complies with due process. Evidence of either premeditation or felony murder may be used to support a conviction of murder in the first degree upon such indictment. Knight v. State, 338 So.2d 201 (Fla. 1976); Everett v. State, 97 So.2d 241 (Fla. 1957), cert. den. Everett v. Florida, 355 U.S. 941, 78 S.Ct. 432, 2 L.Ed.2d 422 (1958); but see Ables v. State, supra.
The opinion and decision in Frazier is consistent with this reasoning. In Frazier the defendant was charged with effecting an unlawful death by drowning and premeditated design. In opening statement the state indicated it would prove either premeditation or felony murder. There was evidence that the felony (rape) preceded the drowning by a length of time. The state requested and received a jury instruction that a homicide immediately following a felony and committed for the purpose of concealment was deemed to be committed in the perpetration of the felony. This charge was given in addition to a correct first-degree murder instruction. The defense objected on the ground that the rape, if any was consummated long before the drowning. Thus the evidence was susceptible to two theories of intent, premeditation or felony murder via the rape. This Court first reviewed the record and found sufficient evidence to support a jury finding of murder by premeditated design. It then said, "[i]n view of this the charge complained of cannot be said to be harmful even if it were erroneous." 107 So.2d at 20. Although the Court did go on to hold the charge correct on the facts, the analysis involved reflects a correct application of the harmless error doctrine.
Frazier was not cited by this Court in Robles. In Robles the defendant's lover was ending their affair over defendant's objections. One night the defendant went to her house, knocked on the door and requested entry. She refused and he broke some glass jalousies to gain entry. In the ensuing turmoil the woman's daughter was fatally stabbed. The evidence was conflicting as to whether the victim approached defendant with a knife, or defendant entered and began stabbing. The defendant was convicted of murder in the first degree. On appeal the defense attacked the application of the felony murder rule on these facts. The Court found sufficient evidence in the record of commission of burglary and "ample evidence from which it could be found that [the defendant] committed a homicide in the perpetration of [said] felony". 188 So.2d at 792. Thus, the felony murder rule was held applicable. The defense also challenged the adequacy of the felony murder instructions with regard to the definition of the underlying felony. At this point the Court noted murder could be proved by either premeditation or felony murder, and that one could be proved in lieu of the other. Id. at 793. This discussion should have preceded a finding as to whether the evidence was sufficient to support premeditation, in which case the error would have been harmless on the basis of Frazier; but the Court made no such finding and held the instruction erroneous. The conviction was reversed on this ground and the failure to instruct on the presumption of innocence.
It is unfortunate the Robles Court did not address the sufficiency of the evidence on premeditation. The omission has led other courts to misapply Robles and completely overlook Frazier. For example, the Second District Court of Appeal correctly cited Robles to support the proposition that it was error to fail to define the elements of the underlying felony. Wright v. State, 250 So.2d 333 (Fla.2d DCA 1971), quashed, 265 So.2d 361 (Fla. 1972). The Wright Court even acknowledged murder was provable *1167 under two theories. But the Court simply stated, "We are not here concerned with the premeditation feature. We are concerned only with the felony-murder feature." 250 So.2d at 338. There was no express finding of insufficient evidence of premeditation upon which to base the Court's decision to speak only to the felony murder feature. The district court did say later that the evidence warranted a conviction of "robbery murder". 250 So.2d at 340. The reader must assume the evidence of premeditation was insufficient or he is left with the impression that an erroneous felony murder charge mandates reversal. This Court did not address the harmless error question when, in quashing the district court decision, it said:
The District Court also held that, upon request in a felony murder prosecution, it is incumbent upon the trial court to charge the jury upon the specific ingredients making up each permissible felony under the evidence. While we agree with this as a proper statement of law, the District Court went beyond it in application.
265 So.2d at 362. (Footnote omitted.)
In McEver v. State, 352 So.2d 1213 (Fla.2d DCA 1977), the district court cited its Wright decision as a reversal "in spite of overwhelming evidence of premeditation." 352 So.2d at 1215. Actually there was never a finding to this effect in the Wright opinion. The McEver Court went on to say at 1215:
Ordinarily, where, as here, there is ample evidence of premeditation and also evidence of felony-murder, the giving of an erroneous felony-murder instruction requires reversal because it cannot reasonably be said upon which theory the jury returned its verdict. Cf. Wright v. State, supra. Even though there may be substantial evidence of premeditation, there is always the possibility that the jury's verdict was premised upon the theory of felony-murder, about which the jury was misinstructed.
This is in direct conflict with the Court's application of the harmless error doctrine in Frazier. In my opinion Frazier represents the correct application.
The harmless error doctrine is based on the proposition that a defendant is entitled to a fair trial, not necessarily an errorless one. The defendant must show that he was prejudiced by the error. See § 924.33, Fla. Stat. (1977). With regard to the instructions, the defendant must show the misinstruction confused or misled the jury. Christian v. State, 272 So.2d 852 (Fla.4th DCA 1973). The Frazier Court followed this precept by reasoning that if there was sufficient evidence of premeditation to support the verdict, a defendant could not show the jury was misled by an erroneous felony murder instruction. If evidence of either theory is sufficient to convict, and the record supported the correctly charged theory, a jury's reliance on the other erroneously charged theory cannot be said to have prejudiced the defendant.
Section 924.33, Florida Statutes (1977), provides an appellate court shall not presume that an error injuriously affected substantial rights of a defendant. However, where the error is of federal constitutional proportions, it must be judged by the federal standard which places the burden on the state to prove beyond a reasonable doubt the error was harmless. White v. State, 356 So.2d 56 (Fla.4th DCA 1978) (trial court's exclusion of defendant's own alibi testimony held reversible error even though state presented a "reasonably strong circumstantial web of evidence" against defendant). See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Fahy v. Connecticut, 375 U.S. 85, 86, 84 S.Ct. 229, 230, 11 L.Ed.2d 171, 173 (1963) ("The question is whether there is a reasonable possibility that the evidence complained of might have contributed to [a] conviction"). If an erroneous instruction on one theory of intent was elevated to constitutional proportions, the error might, in effect, be presumed harmful until otherwise proved by the state. See Christian v. State (felony murder charge based on non-existent crime under an unconstitutional statute held fundamental error and harmless error doctrine *1168 not applicable); Lane v. State, 44 Fla. 105, 32 So. 896 (Fla. 1902). Even constitutional error may be harmless, however. Whether the error is actually harmless can only be determined by a review of the record and appropriate finding on the presence or absence of evidence sufficient to convict on the correctly charged theory of intent. This painstaking and difficult process cannot be avoided by a per se rule of reversal, upon a finding of error, in an instruction as to one of the two alternative theories of intent.
In a trial for murder in the first degree, proof of premeditation need not be expressed or positive, but may be deduced from all facts attending the killing. Buchanan v. State, 95 Fla. 301, 116 So. 275 (1928); Yates v. State, 26 Fla. 484, 7 So. 880 (1890); Hicks v. State, 25 Fla. 535, 6 So. 441 (1889). Evidence from which premeditation may be inferred in a prosecution for murder includes such matters as the nature of the weapon used, the presence or absence of adequate provocation, previous difficulties between the parties, the manner in which the homicide was committed, and the nature and the manner of the wounds inflicted. It must exist for such time before the homicide as will enable the accused to be conscious of the nature of the deed he is about to commit and the probable result to flow from it insofar as the life of his victim is concerned. Larry v. State, 104 So.2d 352 (Fla. 1958). The evidence in the case sub judice clearly shows that a pistol was used, there was no provocation, there were no difficulties between the parties, and the homicide was an execution-type slaying, the wound being inflicted in the back of the head. Because of the nature of the wound it is clear that the defendant was conscious of the nature of the deed he was about to commit, and the probable result to flow from it insofar as the life of his victim was concerned. This clearly shows premeditated design. This Court has held that where medical testimony demonstrates the vicious, heinous nature of the assault, there could be no reasonable doubt that, at the outset, the defendant fully intended to kill. Nelson v. State, 97 So.2d 250 (Fla. 1957). Certainly shooting a person in the back of the head with a pistol is such a heinous assault that there could be no reasonable doubt that defendant intended to kill the victim and had a premeditated design.
Theoretically, it could be argued that the jury may have found the defendant guilty of felony murder and based the verdict on that theory, rather than on the theory of premeditated design. The majority opinion implies that a jury verdict should not be upheld unless we know the exact theory on which the verdict was based, so that we may assure ourselves that the instructions of the court were geared toward the theory upon which the verdict was grounded.
Arguably, the jury based its verdict on the felony murder evidence rather than that of premeditation. All we know is that the charge was "unlawful killing by premeditated design", that the evidence showed both premeditation and felony murder, and the verdict was "guilty as charged". Speculation as to which rationale underlies the jury's verdict is superfluous; no one questions the correctness of the premeditation instruction.
When a trial judge reaches the correct result but uses faulty reasoning, we do not hesitate to uphold the judgment while disapproving the erroneous rationale. The primary question is whether the facts sustain the result reached by the trial judge. It seems inconsistent to set aside a jury verdict when this result is also warranted by the evidence and all but one instruction.
In other words, a deficient robbery instruction should not affect, in any way, a jury's verdict where 1) the evidence is clearly adequate to support premeditated design, and 2) a correct premeditation instruction is given. Our primary consideration here is whether the evidence shows premeditation, either by proof of premeditated design, or proof of a homicide in the commission of an enumerated felony.
The evidence in this case leaves no room for reasonable doubt of the defendant's guilt. The alleged error in the instructions does not weaken the effect of the admitted *1169 testimony and does not reach the legality of the trial itself. Dixon v. State, 79 Fla. 586, 84 So. 541 (1920); Leake v. Watkins, 73 Fla. 596, 74 So. 652 (1917).
Precedent and common sense dictate that we recede from Robles. The primary goal of the judicial system is to seek the truth. Foolish, technical theories should not become barriers in reaching this goal.