403 So.2d 389 (1981)
Roy McKENNON, Appellant,
v.
STATE of Florida, Appellee.
No. 54172.
Supreme Court of Florida.
July 23, 1981.
Rehearing Denied October 2, 1981.
*390 Bartley, Kenneth Vickers, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Roy McKennon appeals his conviction of murder in the first degree and sentence of death. We affirm his conviction but reverse his death sentence.
On November 28, 1977, in the shoeshine area of his employer's barbershop located in the Jacksonville International Airport, McKennon allegedly murdered his employer by beating her head against the floor and wall, strangling her, slicing her throat, breaking ten of her ribs, and stabbing her. He was indicted for premeditated murder, and the jury found him guilty of murder in the first degree. The jury also returned an advisory sentence of life, but the trial court sentenced McKennon to death.
McKennon challenges his conviction on the basis of error committed by the trial court in instructing the jury on robbery as it related to felony murder where there was no basis in the evidence for the robbery instruction. McKennon's trial counsel acquiesced in the court's giving the jury the standard instructions on premeditated murder and felony murder but objected to the trial court's giving any instruction on robbery.[1] Over McKennon's objection, the trial court gave the following instruction:
The crime of robbery is defined as the taking of money or any property of any value whatsoever from the person or custody of another by force, violence or assault or putting in fear. If a person kills another in trying to do or commit any robbery, the killing is in perpetration of or in an attempt to perpetrate such crime.
When a trial judge submits a case to a jury on a felony-murder theory, he is obliged to define the underlying felony, State v. Jones, 377 So.2d 1163 (Fla. 1979); Robles v. State, 188 So.2d 789 (Fla. 1966), but if the facts do not support an underlying felony the case should not be submitted to the jury on that theory.
The state contends that a discrepancy in the amount of money shown in bookkeeping records and the amount contained in the cash register in the barbershop after the murder constituted a sufficient basis for the robbery instruction. Alternatively, the state maintains that the instruction, if erroneous, was harmless error because there was overwhelming evidence to sustain the first-degree murder conviction.
We disagree with the state's first contention but agree with the second. We find no basis in the evidence for the robbery *391 charge. The purported bookkeeping discrepancy did not prove beyond a reasonable doubt that any funds were taken from the deceased and hence was insufficient to prove commission of a robbery. We therefore hold that the court erred in instructing on felony murder and robbery. See Bradley v. State, 82 Fla. 108, 89 So. 359 (1921).
This holding does not require or justify reversal, however, because the state sought a conviction for murder based upon premeditation. The victim suffered multiple blows to the head, manual strangulation, and multiple wounds of the neck.[2] There is ample evidence to conclude that McKennon inflicted these wounds. The prosecutor made only a passing remark about the so-called robbery and did not argue felony murder to the jury. Just as in Knight v. State, 394 So.2d 997 (Fla. 1981), the record reflects that there is not only sufficient but overwhelming evidence of premeditated murder. It is clear that the jury convicted McKennon of murder based on premeditation and that he was in fact guilty of premeditated murder. Neither Jones nor Robles applies here. We are satisfied beyond a reasonable doubt that the submission of the felony murder charge to the jury was not prejudicial and did not contribute to the appellant's conviction. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Frazier v. State, 107 So.2d 16 (Fla. 1958).
Because we sustain the conviction, we must review the sentence of death. The jury recommended a life sentence. The trial court found only one aggravating factor (that the murder was cruel, atrocious, and heinous) and one mitigating circumstance (that McKennon was eighteen when he committed the murder). We are unable to sustain the trial judge's sentence of death in this instance. There was a rational basis for the jury's recommendation, and there was no indication that the jury was misled. See Burch v. State, 343 So.2d 831 (Fla. 1977); Chambers v. State, 339 So.2d 204 (Fla. 1976); Jones v. State, 332 So.2d 615 (Fla. 1976); Tedder v. State, 322 So.2d 908 (Fla. 1975); Swan v. State, 322 So.2d 485 (Fla. 1975).
The conviction is affirmed, but the sentence is reduced to life imprisonment without eligibility for parole for twenty-five years.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
ADKINS, J., concurs as to conviction and dissents as to sentence.
NOTES
[1] The following dialog took place:

[The Court] Would you agree on the second page of murder in the first degree, Page 69 in the standard?
The only one I would see that would be possible in this would be robbery.
MR. TASSONE: Correct, Your Honor.
MR. VICKERS: Your Honor, I would object to that on the grounds that I think I've argued that probably sufficiently about the accountant's records and that there was no proof that any money was in there. There is no proof that any money was taken and there is no proof of the intent at the time the murder took place which was important.
THE COURT: Right.
MR. VICKERS: Because the Jury is only going to speculate, first of all, if any money was taken and then they can only speculate as to whether it was an afterthought or a motive for a murder.
THE COURT: How do you propose I give the instruction then on murder in the first degree?
MR. VICKERS: Premeditation and to give the felony murder without giving the robbery instruction. I think you have to give the felony murder instruction there and everything like that, but as far as defining robbery or anything like that, I don't think that would be proper.
THE COURT: Okay.
[2] In Larry v. State, 104 So.2d 352, 354 (Fla. 1958), we stated that:

Evidence from which premeditation may be inferred includes such matters as the nature of the weapon used, the presence or absence of adequate provocation, previous difficulties between the parties, the manner in which the homicide was committed, and the nature and manner of the wounds inflicted.