403 So.2d 975 (1981)
George Victor FRANKLIN, a/K/a Charles Gordon, Appellant,
v.
STATE of Florida, Appellee.
No. 52971.
Supreme Court of Florida.
August 6, 1981.
Rehearing Denied October 13, 1981.
*976 Richard L. Jorandby, Public Defender, Craig S. Barnard, Chief Asst. Public Defender, Jerry L. Schwarz and Ellen S. Morris, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Franklin appeals his conviction of first-degree murder and sentence of death. We have jurisdiction[1] and reverse.
An indictment charged Franklin and Roy Render with one count of first-degree murder each for the shooting death of a liquor store owner. The jury acquitted Render, but found Franklin guilty and recommended the death penalty. The trial court concurred, finding four aggravating factors and no mitigating circumstances, and imposed the death sentence.
At trial the state proceeded on alternative theories of premeditation and felony murder. At the charge conference, however, neither of the defense attorneys nor the prosecutor requested an instruction defining the underlying felony, robbery. The trial court did not propose such a charge, and, consequently, the jury received no instruction on the underlying felony.
Franklin contends that failing to instruct on the underlying felony in a felony-murder case requires reversal. We agree.
This Court recently found the complete failure to give any instruction on an underlying felony to be fundamental error. State v. Jones, 377 So.2d 1163 (Fla. 1979). Even though Franklin raises this point for the first time in this Court while the prosecutor in Jones brought the omission to the trial court's attention, Jones controls the instant case.
We reject the state's argument that Jones is inapplicable to the instant case. Relying on Frazier v. State, 107 So.2d 16 (Fla. 1958), the state contends that the prosecution's presentation of evidence sufficient to show premeditation renders harmless any error in the felony-murder instruction. When the state seeks a conviction of first-degree murder on the dual theories of premeditation and felony murder and there is error because the trial judge fails to instruct on the underlying felony, the conviction can stand only if the error is harmless. We adopt the harmless error test enunciated in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The reviewing court must be satisfied beyond a reasonable doubt that the failure to so instruct was not prejudicial and did not contribute to the defendant's conviction.
In this case the killing resulted from an exchange of bullets when Franklin allegedly sought to rob the victim's liquor store. The primary thrust of the state's case was felony murder. In closing argument felony murder was the dominant theme, and, indeed, the facts demonstrate felony murder more clearly than premeditation. It is at least as likely as not that the jury based its verdict on felony murder. The failure to instruct on the underlying felony cannot be considered harmless error in this case. Compare Jones with Knight v. State, 394 So.2d 997 (Fla. 1981).
While it is not necessary to instruct on the elements of an underlying felony with the particularity required if that felony were the primary case charged, the elements must be sufficiently defined to assure the defendant a fair trial. 377 So.2d at 1164. See Vasil v. State, 374 So.2d 465 (Fla. 1979), cert. denied, 446 U.S. 967, 100 S.Ct. 2945, 64 L.Ed.2d 826 (1980); Robles v. State, 188 So.2d 789 (Fla. 1966). Counsel's failure does not relieve a trial court of the duty to give all charges necessary to a fair trial of the issues. Id. at 793.
Accordingly, Franklin's conviction and sentence are reversed, and this cause is remanded for a new trial.[2]
It is so ordered.
*977 SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
ADKINS and ALDERMAN, JJ., dissent.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[2] Due to our holding, we find it unnecessary to address the other points on appeal.