BOYD, Justice.
This is an appeal from a conviction for first-degree murder and sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla.Const. We affirm the conviction but order the sentence reduced to life imprisonment.
On March 15,1980, Ricky Washington, his brother, and two friends went by car to the T.C. Tire Company in Fort Lauderdale to try to find a buyer for some stolen guns. The driver of the car, Jack Hunter, went in the back door of the tire company’s office and asked if anyone wanted to buy a shotgun. When everyone he asked declined, he returned to the car. One of the men present in the office was Sheriffs Deputy Worth Edwards, who was a civil process server with full arrest powers. Deputy Edwards thought it was suspicious that someone would offer to sell guns to strangers and went outside to investigate. He walked up to the car, identified himself as a deputy sheriff, and asked Hunter for his driver’s license. When Hunter failed to produce one, Edwards asked him to get out of the car. Meanwhile Washington had been sitting in the right rear seat showing two rifles and a shotgun to a security guard of a nearby theater. Washington then got out of the car, brushed past the security guard, walked around the rear of the car, drew a .32 caliber chrome-plated pistol, and ordered Edwards to freeze. As he reached for Edwards’ gun, Edwards spun around facing him. Simultaneously the security guard, who had followed Washington around the car, reached for Washington’s shoulder. Washington shrugged the guard off and fired four bullets into Edwards. Washington and his companions then fled, leaving the car and stolen guns behind. Washington was apprehended a week later in North Carolina while driving a car he stole in Daytona Beach.
Washington was tried and convicted of first-degree murder. After the sentencing hearing the jury recommended a sentence of life imprisonment. The trial judge chose not to follow this recommendation and instead imposed a sentence of death.
Appellant’s first point on appeal is that there was insufficient evidence to support a conviction of first-degree murder. He argues that the element of premeditation was not established beyond a reasonable doubt. We disagree. There were six *47 eyewitnesses at the shooting who testified at the trial. Although there were some minor discrepancies in their testimony about the degree of struggle that occurred before the shots were fired, they all agreed that appellant’s arm and the hand in which he held the pistol were free when he fired the shots. This testimony showing that the shooting was intentional, along with the fact that appellant shot the deputy four times, is sufficient evidence to support the jury’s verdict that the murder was committed with premeditation. See Songer v. State, 322 So.2d 481 (Fla.1975), vacated on other grounds, 430 U.S. 952, 97 S.Ct. 1594, 51 L.Ed.2d 801 (1977).
Appellant next claims the court erred in admitting evidence of three other crimes not charged in the indictment. The evidence which he claims should not have been admitted was that the rifles and shotgun he was showing to the security guard were stolen, that after the shooting appellant stole a ear in Daytona Beach, and that after his arrest appellant at one time had escaped temporarily. All of this evidence was relevant to the issues at trial. Evidence that the guns were stolen was relevant in showing appellant’s motivation and intent in shooting the deputy. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). Evidence of the stolen automobile was relevant to show identity and flight. Flight from the vicinity of the crime is a fact from which guilt can be inferred. Spinkellink v. State, 313 So.2d 666 (Fla.1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). Evidence of the escape was relevant to show a guilty conscience. Mackiewicz v. State, 114 So.2d 684 (Fla.1959), cert. denied, 362 U.S. 965, 80 S.Ct. 883, 4 L.Ed.2d 879 (1960). None of this collateral crime evidence was given undue emphasis. Since its probative value was not outweighed by any improper prejudicial effect, the court did not err in admitting it.
Appellant’s third point on appeal is that the court erred in allowing his confession to be admitted into evidence since it was obtained by methods which violated his constitutional rights. The confession was presented by the state in rebuttal after appellant had testified in his own defense. Therefore it was not necessary for the state to establish that the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), had been followed in obtaining the confession. A defendant’s prior inconsistent statements, which might otherwise be inadmissible under Miranda, may be used for impeachment purposes. Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).
As his fourth point appellant argues that the court erred by limiting his cross-examination of two of the state’s eyewitnesses. The defense was trying to establish that one of the eyewitnesses, Tommy Trout-man, was a former deputy who had been dismissed from the sheriff’s department because of writing bad checks and who had previously dealt in stolen guns. The court ruled that the matter of the witness’s writing bad checks was collateral and irrelevant to his credibility. The defense then tried to cross-examine another witness to show that Troutman had previously dealt in stolen guns. During a proffer of the cross-examination, the witness testified that on one occasion Troutman had privately handed a small gun to another person. The court ruled that this testimony was pure speculation upon a collateral matter and was not relevant to any material issue in the case. We find that the trial judge did not improperly limit cross-examination but merely kept out irrelevant matters, which it was his duty to do.
Appellant’s findl point attacking his conviction is that the court erred in instructing the jury on felony murder since there was no evidence presented that the murder was committed during any of the enumerated felonies. He argues that his conviction should be overturned since it is possible that the jury convicted him of first-degree felony murder, a crime unsubstantiated by the evidence. He further argues that the error was compounded by the court’s failure to instruct the jury on any of the underlying felonies. Appellant’s as *48 sumption that the jury might have convicted him of felony murder and not premeditated murder is pure speculation without any basis in the record. The prosecutors presented this case on the single theory that the murder was premeditated. There was no mention made during closing arguments that the theory of felony murder might be applicable. The evidence was overwhelming that the shooting was premeditated and not accidental. The jury instruction on felony murder was not unduly emphasized: the judge merely read the standard jury instruction defining first degree murder which includes the definition of felony murder. Although it may have been more appropriate for the judge to have excluded the definition of felony murder, there is no reason to believe that its inclusion created any confusion or misled the jury in its deliberations. Since the case was not presented on a theory of felony murder, the judge was not required to instruct the jury on any of the enumerated felonies. See Franklin v. State, 403 So.2d 975 (Fla.1981).
Although we affirm appellant’s conviction, we conclude that his sentence must be reduced to life imprisonment. At the sentencing hearing the state did not produce any further evidence, relying instead on the evidence presented at the trial. The defense called appellant, his father, and his grandmother to testify in mitigation. They testified that appellant had been a good person, had helped support his disabled parents, and had never before committed an act of violence. The jury recommended a life sentence.
At the final argument on sentencing the prosecution suggested that the court follow the jury’s recommendation. Nevertheless, the court imposed the death sentence, finding as aggravating circumstances that the crime was committed to avoid or prevent a lawful arrest; that it was committed to disrupt or hinder a governmental function; and that it was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification. The court found that these aggravating circumstances outweighed the mitigating factors of appellant’s age, nineteen, and his lack of significant previous criminal activity-
We first find that the court erred in finding as an aggravating circumstance that the murder was committed in a cold, calculated, and premeditated manner. This aggravating circumstance inures to the benefit of the defendant insofar as it requires proof beyond that necessary to prove premeditation. Combs v. State, 403 So.2d 418 (Fla.1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2258, 72 L.Ed.2d 862 (1982). Although there was sufficient proof of premeditation, we find there is a lack of any additional proof that the murder was committed in a cold or calculated manner, such as a prior plan to kill Edwards.
Next we find the judge failed to give sufficient weight to the jury’s recommendation. “In order to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ.” Tedder v. State, 322 So.2d 908, 910 (Fla.1975). In this case the jury’s recommendation could have been based not only on the two statutory mitigating factors found by the trial judge, but also on the nonstatutory mitigating factor of appellant’s character as testified to by members of his family. We do not find that the remaining aggravating circumstances are of such a grave nature that virtually no reasonable person could differ as to their outweighing these mitigating circumstances. See Jacobs v. State, 396 So.2d 713 (Fla.1981). We therefore remand this case with instructions that appellant’s sentence be reduced to life imprisonment with a minimum of twenty-five years before eligibility for parole. Tb,e conviction is affirmed.
It is so ordered.
ALDERMAN, C.J., and OVERTON, MCDONALD and EHRLICH, JJ., concur.
ADKINS, J., concurs in the conviction, but dissents from the sentence.