NESBITT, Judge.
Brown appeals from his conviction for first-degree murder and from his sentence for aggravated assault. The state cross-appeals from the trial court’s finding that the death penalty was inapplicable to this case. We affirm Brown’s convictions but reverse his sentences, holding that the sentence for aggravated assault in this case was outside of the statutory maximum and that the death penalty is applicable to Brown’s conviction for first-degree murder.
Brown was charged with first-degree murder by premeditation or during the commission of a robbery or trafficking in cocaine. In instructing the jury, the trial court failed to give the necessary instructions on the underlying crimes of robbery and trafficking. The jury returned a verdict of guilty to the first-degree murder charge without specifying upon which theory it had relied. Brown contends that the trial court's failure to give the required instructions demands reversal of his conviction. We disagree.
It is true that the failure of the trial court to instruct the jury on the underlying felonies was fundamental error since they constituted essential elements of the felony-murder charge. State v. Jones, 377 So.2d 1163 (Fla.1979); Robles v. State, 188 So.2d 789 (Fla.1966). The error, however, is subject to the harmless error rule as enunciated in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824,17 L.Ed.2d 705 (1967). If “[t]he reviewing court [is] satisfied beyond a reasonable doubt that the failure to so instruct was not prejudicial and did not contribute to the defendant’s conviction,” then the sentence may be upheld. Franklin v. State, 403 So.2d 975, 976 (Fla.1981); accord Knight v. State, 394 So.2d 997 (Fla.1981); see also Jones, 377 So.2d at 1167 (Adkins, J., dissenting) (the defendant must demonstrate that the failure to give the required instructions was prejudicial).
In the present case, Brown was also charged with robbery. The jury only convicted him, however, of the lesser included offense of aggravated assault. Since this amounted to an acquittal of one of the supporting felonies constituting the felony-murder charge, the jury’s verdict of guilty as to first-degree murder must have rested upon the theory of either premeditation or murder committed during the act of trafficking in cocaine. Cf. Mahaun v. State, 377 So.2d 1158 (Fla.1979) (jury verdict of guilty of a lesser included offense of aggravated child abuse precluded the jury from finding defendant guilty of third-degree felony-murder in which that was the supporting felony). Because the trial court failed to give the jury an instruction on the supporting felony of trafficking, Brown’s conviction may be upheld only if it affirmatively appears from the record that the jury’s verdict is supported, beyond a reasonable doubt, by evidence which establishes murder by premeditation so that the error was made harmless. See Franklin, 403 So.2d at 976; Knight, 394 So.2d at 1002; cf. Jones, 377 So.2d at 1163 (the state failed to contend that the failure to instruct on an underlying felony was made harmless where there was sufficient evidence to establish premeditated murder).
We find that there is ample evidence to support the conviction based upon premeditated murder. Brown concocted a scheme for a “rip-off” which he and his cohort perpetrated. The evidence demonstrates that he went to great lengths to dupe his victim and that his cohort armed himself as part of the scheme. There is further evidence that Brown admitted to his ex-girlfriend, over the telephone and soon after the murder, that he was personally responsible for the murder. While it is true that the evidence may be insufficient to show that Brown was the actual “trigger-man,” the totality of the evidence supports the state’s theory that Brown ordered the death of the victim in an execution-style murder, and was therefore guilty, as a *1345 principal, of premeditated murder, pursuant to section 777.011, Florida Statutes (1985). See, e.g., Antone v. State, 382 So.2d 1205 (Fla.1980) (defendant, although not the actual murderer, was properly given the death penalty where he supplied the weapon and pressured an accomplice to complete the task).
Even if we accept, arguendo, Brown’s contention that his ex-girlfriend’s testimony is the only piece of evidence which supports his conviction, the jury could have properly relied upon her testimony to return a guilty verdict. Though the reported time the phone call was received was disputed and rebutted with a prior inconsistent statement, the substance of the phone call was never rebutted, and therefore State v. Moore, 485 So.2d 1279 (Fla.1986) (prior inconsistent statement is insufficient evidence, standing by itself, to support a conviction for premeditated murder), is inapplicable. Cf. C.W. Ehrhardt, Florida Evidence § 608.3 (2d ed. 1984) (a prior inconsistent statement is one which is used to impeach a witness where the prior statement directly conflicts with the witness’ in-court statement).
Based upon the record, we find that there is sufficient evidence to support Brown’s conviction under the theory of premeditation and because the state relied heavily upon this theory to obtain a conviction, we hold that the trial court’s error in failing to give the required instructions did not prejudice Brown. Consequently, this was harmless error. See Franklin, 403 So.2d at 976; Knight, 394 So.2d at 1002; see also Jones, 377 So.2d at 1165 (Adkins, J., dissenting); cf. Chapman, 386 U.S. at 23-25, 87 S.Ct. at 827-829.
After the jury returned its verdict of guilty as to first-degree murder, the trial court refused to submit the case to the jury for the penalty phase, holding that the death penalty was inapplicable due to the United States Supreme Court’s decision in Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). We agree with the state’s contention that this case is not controlled by Enmund. In Enmund, the defendant was convicted of felony-murder. The United States Supreme Court held that the defendant could not be subjected to the death penalty since he neither took a life, attempted to take a life, intended to take a life, nor intended that lethal force be used. In the present case, the evidence demonstrates that Brown fully intended the use of deadly force in either ordering or committing the shooting of the victim. Therefore, the trial court should have submitted this case to the jury for the penalty phase of the trial following Brown’s conviction for first-degree murder, pursuant to section 921.141, Florida Statutes (1985).
Brown’s final contention is that the trial court erred in sentencing him to ten years of imprisonment for aggravated assault. Aggravated assault is classified as a third-degree felony under section 784.021, Florida Statutes (1985), punishable by a term of imprisonment not to exceed five years of incarceration. Since the sentence was outside of the statutory maximum, it must be reversed.
We affirm Brown’s convictions, but reverse his sentences, and remand for resen-tencing. The trial court should submit this case to a jury, which is properly death-qualified pursuant to Lockhart v. McCree, — U.S. -, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986), for a determination of the penalty to be imposed for this capital felony. Further, the trial court should resentence Brown for aggravated assault within the statutory maximum. Accordingly, we
Affirm in part, reverse in part and remand for resentencing.