WARNER, J.
In this appeal from her conviction and sentence for child neglect and aggravated child abuse-torture of the child victim, appellant’s stepdaughter, the appellant argues forcefully that she was denied conflict-free counsel because her counsel also represented the co-defendant, her husband and the child-victim’s father. Although the issue was not preserved, it can be raised on direct appeal if the prejudice to the defendant is apparent on the face of the record. Fasano v. State, 548 So.2d 1191, 1192 (Fla. 4th DCA 1989). Concluding that it is not, we affirm without prejudice to raising the issue in postconviction proceedings. We also address appellant’s double jeopardy claim and conclude that no violation of those constitutional principles occurred. We affirm as to all issues raised.
Both appellant, Ronda Moore, and her husband, Robert Moore, were charged with child neglect of Robert’s daughter, and Ronda was also charged with aggravated child abuse. Essentially, the state claimed that the defendants were starving the child. The parties were both represented by Robert Udell, until he filed a motion to withdraw from Ronda’s representation based upon his determination that a conflict of interest existed between the co-defendants. The court granted withdrawal and appointed the public defender’s office to represent Ronda. Nevertheless, the public defender withdrew five months later, and Mr. Udell re-commenced representing Ronda.
At trial the prosecutor suggested to the court that it inquire as to Mr. Udell’s representation of both defendants, due to the original motion to withdraw. Mr. Udell denied any conflict but invited the court to inquire of his clients. He told the court that he would present the same defense for both. The court declined any inquiry.
The case proceeded, and the state offered evidence that Ronda Moore neglected and tortured her stepdaughter by depriving her of necessary food and water, and that she did so because she resented the child. The state contended that Robert also neglected the child, mainly based upon his responsibility as her father to provide her with basic necessities. At the close of the state’s case, defense counsel moved for judgments of acquittal for each defendant, which the court denied.
Robert Moore testified on his own behalf. He testified his daughter was born premature and had always been thin with sunken eyes. He commented on Ronda’s care of the child in a positive way. However, through the course of his testimony he also noted that he was out of town during several crucial times when incidents involving his daughter occurred. Ronda Moore did not testify. During closing argument, Mr. Udell maintained that neither defendant was guilty because at most what occurred was simple negligence and not criminal neglect. Robert was found not guilty, and Ronda was found guilty of both charges.
In a motion for new trial, new counsel contended that Ronda was deprived of conflict-free counsel, because the defenses presented for Ronda and Robert were antagonistic to each other. The trial court denied the motion.
We have reviewed the record, including the closing argument of counsel. We cannot conclude that on its face the conflict between Ronda and Robert was apparent in the presentation of the case by Mr. Udell. See Tarawneh v. State, 562 So.2d 770, 771 (Fla. 4th DCA 1990); Fasano, 548 *942 So.2d at 1192. While Robert did testify that he was absent during some of the critical times, in closing argument counsel did not defend on the ground that Robert was not guilty because he was not there. He told the jury that neither party was guilty because the acts did not constitute criminal child neglect. While Ronda’s ineffectiveness claim may have substantial merit because of other factors she has alleged post-judgment, this issue must be pursued in postconviction relief proceedings.
In her second issue, Ronda claims that her convictions for both child neglect and aggravated child abuse-torture violate double jeopardy principles. However, under the test in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), double jeopardy was not violated because each crime encompasses an element that the other does not.
Unless the legislature clearly states otherwise, the Blockburger test governs whether multiple convictions for acts committed in a single episode constitute a double jeopardy violation. State v. Florida, 894 So.2d 941, 945 (Fla.2005). Under Blockburger, dual convictions are authorized if each offense contains an element that the other does not. Id. This principle is codified in section 775.021(4), Florida Statutes (2001), which provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
Ronda was convicted of two separate offenses under section 827.03(3)(a) and (c) and section 827.03(2)(b). Section 827.03(3) provides:
(a) “Neglect of a child” means:
1. A caregiver’s failure or omission to provide a child with the care, supervision, and services necessary to maintain the child’s physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the wéll-being of the child; or
2. A caregiver’s failure to make a reasonable effort to protect a child from abuse, neglect, or exploitation by another person.
Neglect of a child may be based on repeated conduct or on a single incident or omission that results in, or could reasonably be expected to result in, serious physical or mental injury, or a substantial risk of death, to a child.
❖ * H* * * sfc
(c) A person who willfully or by culpable negligence neglects a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Additionally, section 827.03(2)(b) provides:
“Aggravated child abuse” occurs when a person:
Willfully tortures, maliciously punishes, or willfully and unlawfully cages a child[.]
As is apparent from a reading of the statute, each crime requires an element that the other does not. Aggravated child abuse requires that the state prove that Ronda willfully tortured her stepdaughter, *943 while child neglect requires that Ronda be her stepdaughter’s caregiver and act with culpable negligence in failing to provide her with care, supervision, and services. Therefore, these are clearly different crimes which require proof of different elements. Although section 775.021(4) provides certain exceptions to its . general rule, we conclude that none apply in this case. Therefore, no double jeopardy violation occurred.
We affirm as to all issues raised. Our affirmance is without prejudice to raising the issue of ineffective assistance of counsel in appropriate postconviction relief proceedings.
GUNTHER and POLEN, JJ„ concur.