PER CURIAM.
Petitioner, Gianni Spagnolo, filed a petition alleging ineffective assistance of appellate counsel. In October 2009, Petitioner was found guilty, following a jury trial, of murder in the third degree (Count I) and “child abuse/neglect” causing great bodily harm (Count II). At trial, the child’s mother testified that Petitioner watched the child while she worked. On April 28, 2008, the child’s mother called Petitioner to check on the child. He informed the mother that the child was groggy, had a red mark on his head, and may have fallen out of bed or was possibly feeling ill due to an ear infection. That evening the child’s mother went to pick up the child and tried to awaken him. The child stirred but did not wake up and appeared to have no muscle control. The child was taken to a hospital where it was determined that the child had a head trauma and was airlifted to another hospital. The child died from his injuries.
Petitioner informed detectives that the child had accidentally bumped his head. Petitioner explained that he was playing “bouncy” on the bed when he tossed the child in the air, causing the child to strike his head on the ceiling, a wooden night stand, and ultimately the concrete floor. The medical examiner testified that the child died from blunt force trauma to the head, and that the injuries could not have been caused by either a fall from a bed, or a fall from the ceiling onto a nightstand and then onto the concrete floor. Rather, the medical examiner testified that the injuries were consistent with grabbing a child at the ankles and swinging him around in circles, culminating in slamming the child’s head against a wall. The medical examiner opined that the death was a homicide. The jury found Petitioner guilty as charged. Petitioner was sentenced to fifteen years on each count, to be served consecutively.
Petitioner appealed his judgment and sentence. Appellate counsel filed an initial brief raising two issues for review:
1. The trial court erred in admitting an irrelevant photographic array of the deceased which needlessly inflamed the senses of the jury panel, causing one juror to openly weep and resulting in a miscarriage of justice
2. Mr. Spagnolo was denied due process of law when the trial court evinced bias against defense counsel, Mr. Spagnolo, and the victim’s mother whom the trial judge personally impugned during sentencing
This Court affirmed Petitioner’s judgment and sentence. Spagnolo v. State, 49 So.3d 261 (Fla. 5th DCA 2010).
Petitioner then filed a rule 3.850 motion in which he alleged that trial counsel was ineffective for 1) failing to file a motion to disqualify the trial judge; 2) failing to move for a mistrial when a detective testified at trial and made statements that amounted to medical opinions; 3) failing to object to comments made by the prosecutor during closing argument; and 4) allowing his medical condition to interfere with his participation at trial. Petitioner also included a cumulative error claim. The trial court denied the motion, and this Court affirmed that decision on appeal. Spagnolo v. State, 90 So.3d 303 (Fla. 5th DCA 2012). Petitioner also appealed an order denying a rule 3.800(a) motion in which he argued that his convictions violated the prohibition against double jeopardy. *602 This Court affirmed the trial court’s order denying relief. Spagnolo v. State, 101 So.3d 856 (Fla. 5th DCA 2012).
In September 2012, Petitioner filed this petition, alleging appellate counsel was ineffective for failing to raise several issues on appeal. We find merit only in one of the issues raised in the petition. The information charged Petitioner as follows:
COUNT I
MURDER IN THE THIRD DEGREE
782.04(4)
[Petitioner] did unlawfully, and without any premeditated design to effect death, while feloniously engaged in the perpetration of, or attempt to perpetrate Child abuse, kill and murder [A.S.] a human being, by inflicting force trauma [sic] causing the death of [A.S.], in violation of Florida Statute 782.04(4);
COUNT II
CHILD ABUSE — GREAT BODILY HARM ETC
827.03(1)
[Petitioner] did knowingly, willfully, or by culpable negligence abuse or neglect [A.S.], date of birth: 10/25/2006, a child under the age of 18 years by inflicting force trauma [sic], brain injury and/or failing to immediately seek treatment for said injuries, causing great bodily harm, permanent disability or permanent disfigurement, in violation of Florida Statute 827.03(3)(b)....
(Emphasis added). The problem thus began with the articulation of the charge in Count II and culminated in an erroneous jury instruction.
The jury was instructed as follows:
7.6 FELONYMURDER-THIRD DEGREE
§ 782.04(4), Fla. Stat.
To prove the crime of Third Degree Felony Murder, the State must prove the following three elements beyond a reasonable doubt:
1. [A.S.] is dead
2. The death occurred as a consequence of and while GIANNI SPAG-NOLO was engaged in the commission of CHILD ABUSE
3. GIANNI SPAGNOLO was the person who actually killed [A.S.]
(Emphasis added). Petitioner was entitled to an instruction on the definition of “child abuse” as the underlying felony. Instead, consistent with the Count II charge, the jury was instructed:
16.5 CHILD ABUSE/NEGLECT
Fla. Stat. 827.03(3)(b)
To prove the crime of Child Abuse/Neglect, the State must prove the following four elements beyond a reasonable doubt:
1. GIANNI SPAGNOLO willfully or by culpable negligence failed or omitted to provide [A.S.] with care, supervision, and services necessary to maintain [AS.’s] physical or mental health.
2. In so doing, GIANNI SPAGNO-LO caused great bodily harm, permanent disability, or permanent disfigurement to [A.S.]
3. GIANNI SPAGNOLO was a caregiver for [A.S.]
4. [A.S.] was under the age of 18 years.
The verdict form on Count I read “The defendant is guilty of MURDER IN THE THIRD DEGREE, as charged in the information,” and on Count II it read, “The *603 defendant is guilty of CHILD ABUSE/NEGLECT, as charged in the information.”
Section 782.04(4), Florida Statutes (2008), provides:
(4) The unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than any:
[[Image here]]
(h) Aggravated child abuse
[[Image here]]
is murder in the third degree and constitutes a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(Emphasis added).
As used in section 827.03, Florida Statutes (2008), “child abuse” means:
1. Intentional infliction of physical or mental injury upon a child;
2. An intentional act that could reasonably be expected to result in physical or mental injury to a child; or
3. Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child.
“A person who knowingly or willfully abuses a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.” Id.
“Child neglect” means:
1. A caregiver’s failure or omission to provide a child with the care, supervision, and services necessary to maintain the child’s physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the child; or
2. A caregiver’s failure to make a reasonable effort to protect a child from abuse, neglect, or exploitation by another person.
Neglect of a child may be based on repeated conduct or on a single incident or omission that results in, or could reasonably be expected to result in, serious physical or mental injury, or a substantial risk of death, to a child.
§ 827.03(3)(a), Fla. Stat. (2008). “A person who willfully or by culpable negligence neglects a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.” § 827.03(3)(b), Fla. Stat. (2008).
“A defendant is entitled to have the charge against him proved substantially as alleged in the indictment or information and cannot be prosecuted for one offense and convicted and sentenced for another, though the offenses are of the same general character or carry the same 'penalty.” Zwick v. State, 730 So.2d 759, 760 (Fla. 5th DCA 1999) (emphasis added). “As a rule, ‘where an offense can be committed in more than one way, the trial court commits fundamental error when it instructs the jury on an alternative theory not charged in the information’ and the jury returns a general verdict of guilty without specifying the basis for the conviction.” Beasley v. State, 971 So.2d 228, 229 (Fla. 4th DCA 2008) (quoting Eaton v. State, 908 So.2d 1164, 1165 (Fla. 1st DCA 2005)). “[A] conviction for third-degree murder requires an underlying felony and a jury determination of the existence of such a felony.” State v. Sigler, 967 So.2d 835, 844 (Fla.2007). If the defendant is *604 acquitted of the underlying felony, the defendant cannot be convicted of the third-degree felony murder. Noel v. State, 705 So.2d 648, 649 (Fla. 4th DCA 1998).
Petitioner contends that the State constructively amended the information at trial to allow him to be convicted of third-degree murder by child neglect. A constructive amendment of a charging document allows the jury to convict the defendant of an offense different from or in addition to the offenses alleged in the indictment. Stanley v. State, 57 So.3d 944, 947 (Fla. 4th DCA 2011). “This is a due process violation which constitutes fundamental error.” Id. at 947 (citing Crain v. State, 894 So.2d 59, 69 (Fla.2004)).
Petitioner was charged in Count I with third-degree murder while engaging in child abuse, and in Count II with child abuse or neglect by inflicting “force trauma” or failing to obtain medical treatment. It appears from the limited record that the State merged the definitions of child abuse and child neglect into one definition. Petitioner urges that the trial court failed to instruct the jury on the underlying offense of child abuse and instead allowed the State to mislead the jury by suggesting that child abuse and child neglect were the same; likewise, the verdict form did not differentiate between offenses. The State responds that when there is a discrepancy between the title of an offense and the body of the offense in an information, the offense described in the body is the one with which a defendant is charged. The State further asserts that despite the technical defect in the information, there was no “blending of the elements” of child abuse and child neglect where the jury was only instructed on child neglect. The State argues “it is clear that the generic term child abuse included in the verdict form in conjunction with the word neglect (‘CHILD ABUSE/NEGLECT’) was not being used in the disjunctive as an offense charged in the alternative.”
Although the elements of the “underlying felony need not be explained with the same particularity that would have been required if it had been the primary crime charged, it is essential that it be defined sufficiently to ensure the accused a fair trial.” State v. Jones, 377 So.2d 1163, 1164 (Fla.1979). The complete failure to give any instruction on the elements of the underlying felony is fundamental error. Id. at 1165. The offenses of child abuse and child neglect are manifestly separate and distinct crimes, even though both are found in section 827.03, Florida Statutes. Moore v. State, 916 So.2d 940 (Fla. 4th DCA 2005). “Child abuse under section 827.03(l)(a) requires intentional infliction of physical or mental injury upon a child and is a third-degree felony, whereas neglect of a child under section 827.03(3)(b) is a crime of omission constituting a second-degree felony.” Griffis v. State, 848 So.2d 422, 427 (Fla. 1st DCA 2003).
Despite the State’s assertions that child abuse is a generic term and that the body of the information controls, the body of the information in Count II includes both abuse and neglect. To the extent that Petitioner argues that the information on Count II was defective, the defect in the information should have been raised prior to trial. However, it was error for the State to merge these two offenses together, in an attempt to argue child neglect is a form of child abuse. The information only charged Petitioner with third-degree murder while engaging in child abuse by inflicting “force trauma,” yet, the jury was only instructed on the underlying felony of child neglect. Instead of instructing the jury on the underlying felony of child abuse, the court merely titled the instruction for child neglect as “CHILD *605 ABUSE/NEGLECT.” It is not clear if the jury found Petitioner committed third-degree murder by inflicting blunt force trauma on the child, as was charged in the information, or whether the jury followed the child neglect instruction and found the Petitioner committed third-degree murder by failing to obtain medical treatment for the child, which was not charged in the information under Count I. The failure to instruct the jury in Count I only on the underlying felony of child abuse and the commingling of the two offenses of child abuse and child neglect are jury instruction errors that rise to the level of fundamental error, which should have been raised on appeal.
Therefore, we grant the petition for ineffective assistance of appellate counsel and remand for a new trial on the charge of third-degree murder only.
PETITION granted; REVERSED and REMANDED.
ORFINGER, C.J., GRIFFIN and COHEN, JJ., concur.