167 So.2d 616 (1964)
Frank J. MANNING, Appellant,
v.
STATE of Florida, Appellee.
No. F-323.
District Court of Appeal of Florida. First District.
September 17, 1964.
*617 Frank J. Manning in pro. per.
James W. Kynes, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
RAWLS, Judge.
Appellant-defendant Manning appeals from the trial court's order entered on the 10th day of March, 1964, denying his petition for relief pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. Prior to the instant petition, Manning had filed in the same trial court a petition for writ of habeas corpus, which was denied April 17, 1963, and a motion to vacate sentence pursuant to Criminal Procedure Rule No. 1 which was denied July 17, 1963.
On November 16, 1962, defendant, without counsel, entered his plea of guilty to eighteen counts of a nineteen-count information and was sentenced by the trial court as follows: (1) to a term of six months to five years on each of eight counts, said sentence to run concurrently each with the other; (2) to a term of six months to eight years on another count, said sentence to run concurrently with the preceding sentence; and (3) to a term of six months to two years on another count, said sentence to run concurrently with the preceding sentences. Sentence was deferred for eight counts and the remaining count to which defendant pleaded not guilty was placed on the inactive docket. The order of the judgment of the trial court contained the following finding:
"Now on this day came in person the defendant Frank J. Manning into open court and upon inquiry by the Court to him as to whether he had counsel or desired counsel, the said defendant announced that he was without counsel and did not desire the same."
Defendant's allegations set forth in his petition for habeas corpus and his two subsequent motions to vacate sentence involve substantially the same subject matter. The substance of said allegations is the same as those itemized in this court's opinion in Dykes v. State,[1] and in accordance with that decision we conclude that such allegations fail to overcome the presumption of the regularity of defendant's conviction.
Furthermore, Criminal Procedure Rule No. 1 specifically provides, viz.:
"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."
Our state courts have not had the occasion to specifically interpret the foregoing provision. However, federal jurisdictions have consistently held that trial courts are not required to entertain second or successive motions.[2] The trial court correctly denied appellant's motion.
Affirmed.
STURGIS, C.J., and WIGGINTON, J., concur.
NOTES
[1] Dykes v. State, 162 So.2d 675 (Fla. App.1st, 1964).
[2] Hamilton v. United States, 204 F.2d 927 (4 Cir.1953), certiorari denied 346 U.S. 858, 74 S.Ct. 74, 98 L.Ed. 372; Bickford v. United States, 206 F.2d 395 (9th Cir.1953); Shobe v. United States, 220 F.2d 928 (8th Cir.1955); Shockley v. United States, 224 F.2d 557 (5th Cir.1955); McGann v. United States, 261 F.2d 956 (4th Cir.1958).