PER CURIAM.
On March 3, 1950, appellant was indicted for murder in the first degree. He was represented at all critical stages by court-appointed counsel, entered a plea of not guilty, was tried by jury and found guilty with a recommendation of mercy, whereupon he was sentenced to life imprisonment.
Appellant’s former motion under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, to vacate the judgment and sentence was denied and the denial affirmed by this court. See Johnson v. State, 161 So.2d 844 (Fla.App. 1964). On June 28, 1965, appellant filed a second motion to vacate which the trial court denied on June 30, 1965, treating same as a second and successive motion for similar relief. On August 4, 1965, this appeal was filed to review the latter action.
There are no material differences between appellant’s two motions to vacate. This appeal simply reasserts the matters complained of on the former appeal. The trial court was under no duty to entertain a second or successive motion as here filed. See Manning v. State, 167 So.2d 616 (Fla.App.1964).
 We take note of the fact that appellant claims he appeared before the committing magistrate without benefit of counsel, that he was without funds to employ counsel, and that the magistrate did not advise him of his right to counsel. A preliminary hearing is not essential to due process and the mere failure to appoint counsel to assist an indigent accused at such hearing is an insufficient basis upon which to raise constitutional issues, especially where as in this case there is no contention that appellant was prejudiced thereby. See Ingrim v. State, 166 So.2d 805 (Fla.App.1964); Webster v. State, 156 So.2d 890 (Fla.App.1963).
Finally, there is no substance to appellant’s mere assertion that his counsel was incompetent. That bare charge is nothing more than a random accusation and a bland conclusion of the pleader which has no force or effect upon the appellate court.
Affirmed.
WIGGINTON, Acting C. J., and STUR-GIS and CARROLL, DONALD K., JJ., concur.