PER CURIAM.
Appellant was charged in two counts of an indictment with the crimes (1) of rape and (2) of assault upon a female under the age of fourteen years by committing lewd, lascivious and indecent acts upon her person. tie entered pleas of not guilty and not guilty by reason of insanity. At all critical stages of the proceedings below he was represented by counsel. On December 9, 1959, he was adjudged guilty of rape and sentenced according to law. He did not directly appeal from said judgment.
On October 25, 1965, the appellant, acting pro se under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, filed a verified pleading entitled “Second and Amended Motion to Vacate Judgment and Sentence” on the following grounds :
“That he was arrested without a warrant and he was not allowed to contact an attorney nor advised of his rights under ‘due process of law’ nor was he advised of his right to secure counsel, nor was he advised of his right to habeas corpus, nor was he advised of the nature of the charges against him, nor was he taken before a magistrate of law.
“That he was not advised of his right to counsel during initial stages.
“That the verdict was contrary to the evidence. '
“That the verdict was contrary to the law.
“That the defendant was adjudged insane on January 30,1939, in Hamilton County, Florida, and adjudged insane by the County Judge of Putnam County, Florida, on May 1, 1945, and his sanity has never been restored judicially.
“That he was not advised by this court nor any official of this court nor by his own attorney at trial that he would be entitled to take a direct appeal from the judgment and sentence *871 and lie did not knowingly waive his right to take such action.
“That he was not properly represented by counsel at trial and was not properly advised of any of his rights by his own attorney or anyone.”
Appellant alleged that he was indigent and prayed: (a) that he be adjudged insolvent for the purposes of hearings or proceedings on said pleading, (b) that a plenary hearing be held thereon, and (c) that an order be entered requiring that he be produced in person at the hearing.
The grounds upon which the appellant-movant sought to have the judgment vacated are either contradicted by the record on appeal or fail to allege facts which, if true, constitute denial of due process or of any right warranting such relief. The same were subject to review, of course, on a proper showing in a direct appeal from the judgment of conviction, the time for which has expired.
On November 3, 1965, the trial court entered the order appealed denying said motion. By said order the court correctly held that under Criminal Procedure Rule No. 1 it is not required to entertain a second or successive motion for similar relief (the implication — corroborated by the title of the pleading — being that a prior motion for similar relief, based on substantially the same grounds, had been denied) ; and the order recites that
“ * * * the record clearly shows that defendant’s adjudication of insanity on two occasions prior to the trial was made thoroughly known to the Court and to the jury, and evidence of his sanity at the time of the commission of the alleged act and at the time of trial was introduced by the State and determined adversely to the defendant by the jury under appropriate instructions on the subject by the Court.”
Said order comes to this court clothed with the presumption that the pertinent facts stated therein are correct. There is nothing in the record to indicate the contrary and appellant has not challenged its accuracy.
A warrant of arrest was issued against appellant and executed on April 30, 1959. He was represented at the trial by C. A. Averitt, Esquire, a member of the Florida bar. The bare allegation that he was not advised of his rights under “due process of law” is a meaningless phrase in the absence of a showing of a cognizable harmful result. An attack on the sufficiency of the evidence or of the law to support the judgment of conviction was available to appellant only upon a direct appeal, which was not taken. That same observation also applies to his contention that before the trial' he had twice been adjudged insane and that the state did not establish at the trial that his sanity had been “restored judicially.”
With reference to the latter contention, we find no support for the proposition that in order to convict for crime a person who has once been adjudged insane it is necessary for the prosecution to establish that his sanity was judicially restored prior to the criminal act; and, in any event, that subject is not germane to the collateral attack here involved.
There is no merit in appellant’s contention that the judgment should be vacated because he was not advised by his attorney or by any other person of his right of direct appeal from the judgment of conviction. The same is true of his claim that he was not capably represented by his attorney. See this court’s opinion in Johnson v. State, 181 So.2d 667 (Fla.App.1966).
Appellant’s request for a plenary hearing and to be present in person at the hearing are matters falling within the sound discretion of the trial court. Where, as in this case, the motion was disposable *872 without the necessity of holding a plenary hearing thereon, it was not error to enter the order appealed on the basis of the court records before the trial judge.
The order appealed is
Affirmed.
WIGGINTON, Acting C. J., and STUR-GIS and CARROLL, DONALD K., JJ., concur.