PER CURIAM.
The appellant was charged with the crime of robbery in an information filed June 15, 1965. At his arraignment he was represented by counsel, the public defender. He pleaded guilty, and was so adjudged. After a pre-sentence investigation he was sentenced to confinement for a period of 15 years in the state penitentiary. On February 14, 1966, he filed a motion under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix seeking to have the adjudication and sentence vacated on the asserted ground that his plea of guilty had been induced by a promise of leniency by his counsel and the court. The county solicitor filed an answer thereto, averring he was without knowledge as to any promise by the public defender, and denying that he or the court had so promised the appellant. After an evidentiary hearing the trial court denied the Rule 1 motion, by an order dated June 1, 1966.
Thereafter the appellant filed an amended motion, on November 4, 1966, alleging he entered his guilty plea “on the understanding he would receive five years for doing so.” The latter motion was denied by an order dated March 17, 1966, reading as follows:
“This cause, coming on this day to be heard on the Amended Motion of the Movant to vacate judgment and sentence heretofore entered in the above entitled cause pursuant to Criminal Procedure Rule 1, and the Court having considered said Motion in the light of the testimony adduced at the original Hearing on Thursday, the 24th day of June A.D. 1965, and that adduced at the Hearing pursuant to said Rule 1 heard on the 1st day of June, A.D. 1966, and the Court finding that the averments in said amended Motion are in essence simply the conclusions of the Movant unsupported by any substantial evidence of record, and the Court being otherwise advised in the premises. It is, upon consideration herein, ORDERED;
“That said Amended Motion be, and the same is hereby denied.”
This appeal was taken by the defendant from the order quoted above. The question presented is the sufficiency of the evidence to support the order.
The record discloses that the defendant was duly advised of his rights at the arraignment and that his guilty plea was knowingly and voluntarily made, and that the trial court’s order denying the initial Rule 1 motion was supported by the evidence.
 Essentially, the second or amended motion presented nothing new. In each of the motions it was claimed that the plea was induced by a promise or promises of leniency. In the amended motion it was contended the promise was for a definite lesser sentence, five years. The court denied that motion on the basis of the evidence received on the hearing on the prior motion. In so ruling the trial court was not in error for two reasons. First, the evidence was manifestly to the contrary of the defendant’s contention in the amended motion. Secondly, as the ground or claim of promise of leniency was denied after full evidentiary hearing on the first motion, the defendant was not entitled to reassert that ground or contention in a subsequent motion. Manning v. State, Fla. *209 App.1964, 167 So.2d 616; Johnson v. State, Fla.App.1966, 181 So.2d 667; Hall v. State, Fla.App.1966, 183 So.2d 277; Colebrook v. State, Fla.App.1966, 191 So.2d 309.
No reversible error having been made to appear, the order appealed from is hereby-affirmed.
Affirmed.