PIERCE, Judge.
Appellant Samuel Junior Thomas appeals to this Court from an order summarily denying his petition for post-conviction relief filed in the lower Court under CrPR 1.850, 33 F.S.A.
On September 25,1964, Thomas and three named codefendants were jointly informed against in the Hillsborough County Criminal Court of Record for the offense of robbery. On October 12, 1964, the defendants were arraigned and each pleaded guilty as charged. Thomas was thereupon adjudged guilty and sentenced to imprisonment in the State Prison. From that judgment and sentence Thomas appealed to this 2nd District Court, and on July 7, 1965, we affirmed the conviction. Thomas v. State, Fla.App. 1965,177 So.2d 83.
On August 17, 1966, Thomas filed a motion under then Rule 1 to vacate the judgment and sentence on the principal ground that he did not have the benefit of adequate counsel in the trial Court proceedings when he pleaded guilty. On September 9, 1966, the trial Court denied the Rule 1 motion, from which order Thomas appealed to this *716 Court. On February 22, 1967, we affirmed the order. Thomas v. State, Fla.App. 1967, 195 So.2d 256. In our opinion we cited three cases in support of our affirmance, all by this 2nd District Court.
On June 19, 1968, Thomas filed in the trial Court a second motion to vacate the judgment and sentence, which motion, on June 27, 1968, was denied by the trial Judge.
On August 1, 1968, Thomas filed another motion to vacate the judgment and sentence and the trial Judge denied this motion on August 7, 1968. Thomas appealed that order to this Court and on February 7, 1969, we affirmed. Thomas v. State, Fla.App. 1969, 218 So.2d 550.
On April 11, 1969, Thomas filed still a further motion to vacate the judgment and sentence pursuant to present CrPR 1.850, successor to former Rule 1. On April 30, 1969, this latest motion was denied by the trial Court, pursuant to which Thomas has appealed to this Court, which constitutes the instant case.
All of the foregoing motions and appeals have been based upon the same general ground, namely, alleged inadequate representation by his Court-appointed counsel in the proceedings leading up to his original guilty plea, adjudication, and sentence. In addition to the direct appeal from that judgment and sentence, taken in February, 1965, there have been four motions to vacate filed under the post-conviction Rule, three of which have appealed to this 2nd District Court. All previous motions have been denied and all previous appeals have been affirmed. The same general ground of incompetency of the original trial counsel has been common in all motions filed and appeals taken.
Present CrPR 1.850, as well as former Rule 1, plainly says that “the sentencing Court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner”. This provision has governed disposition of numerous cases in the appellate Courts of this State. See Mitchell v. State, Fla.App. 1967, 203 So.2d 676; Simpson v. State, Fla.App.1964, 165 So.2d 195; Manning v. State, Fla.App.1964, 167 So.2d 616; Rankin v. State, Fla.App.1964, 168 So.2d 324; Piehl v. State, Fla.App.1965, 173 So.2d 723; Coleman v. State, Fla.App. 1966, 183 So.2d 714.
The order appealed is
Affirmed.
LILES, Acting C. J., and McNULTY, J., concur.