JOANOS, Judge.
Appellant appeals from the trial judge’s summary denial of a motion for post-conviction relief. Several grounds were asserted in appellant’s motion. First, appellant asserted that he was denied effective assistance of counsel because his public defender failed to appeal within the requisite time. Appellant also contended that his sentence was improper because it required his term to be spent “in hard labor” and because he was given credit for only 277 of 321 days spent in county jail prior to sentencing. The lower court denied the motion without an evidentiary hearing. As rationale for the decision, the court stated that a motion on the same grounds had already been filed with the court and denied.
Although a copy of the prior motion was not attached to the lower court’s order as required by Rule 3.850 of the Florida Rules of Criminal Procedure, on request by this court the lower court forwarded a copy of the prior order with an attached affidavit. A review of the earlier order and affidavit shows that appellant has already sought relief based upon an allegation of ineffective assistance of counsel. As to this portion of appellant’s motion, the lower court is affirmed.
With regard to appellant’s claim that he was improperly sentenced, the prior order does not indicate if appellant made such an allegation in his earlier motion. We cannot make a determination on whether the improper sentencing claims were stated in a previous motion without actually reading that earlier motion. Since it was not attached to the order, we must remand to the trial court with instructions to amend the order appealed from by attaching a copy of appellant’s prior motion to it or by attaching portions of the files and records which will satisfy Rule 3.850.
AFFIRMED, in part. REMANDED, in part, with instructions to attach portions of the files and records which conclusively show that appellant is not entitled to relief.
WENTWORTH, J., and WOODIE A. LILES, (Ret.), Associate Judge, concur.