433 So.2d 615 (1983)
Eddie SLATTERY a/K/a Eddie Damrau, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-987.
District Court of Appeal of Florida, Third District.
June 21, 1983.
Eddie Slattery, in pro. per.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
The appellant, by his Fla.R.Crim.P. 3.850 motion in the trial court, sought to set aside *616 his conviction and sentence alleging ineffective assistance of counsel and that his guilty plea was coerced. Both of these allegations were raised in a prior motion to vacate, which was denied by the trial court and affirmed by this court in Slattery v. State, 372 So.2d 1172 (Fla. 3d DCA 1979).
In his second motion the appellant has raised different facts to support his allegation of ineffective assistance of counsel which are not permitted under existing Fla. R.Crim.P. 3.850. Therefore the order denying the appellant's motion is appropriate on the authority of: Thompson v. State, 410 So.2d 500 (Fla. 1982); State v. Piehl, 184 So.2d 417 (Fla. 1966); Mathis v. State, 419 So.2d 774 (Fla. 1st DCA 1982); Hogan v. State, 388 So.2d 1377 (Fla. 1st DCA 1980); Neal v. State, 349 So.2d 844 (Fla. 2d DCA 1977); Thomas v. State, 234 So.2d 715 (Fla. 2d DCA 1970).
Affirmed.
DANIEL S. PEARSON, Judge, concurring.
In his earlier 3.850 motion, Slattery alleged that he was denied the effective assistance of counsel in that the public defender appointed to represent him also represented the codefendant. In his present 3.850 motion, Slattery alleges, inter alia, that counsel was ineffective by failing to pursue an insanity defense after having been advised by the defendant that the defendant was insane at the time of the crime. While it is true that both motions allege ineffectiveness of counsel, the nature of the ineffectiveness differs. Thus, I cannot agree that we can affirm the denial of Slattery's present motion on the basis that it is a second and successive motion asserting the same ground. Compare Ferranto v. United States, 507 F.2d 408 (2d Cir.1974) (ground that presentence investigation report was inaccurate as to the defendant's prior record different from ground that same report included counselless conviction); Hilbrich v. United States, 406 F.2d 850 (7th Cir.1969) (ground that defendant's confession inadmissible for failure to take him before magistrate different from ground that confession inadmissible because coerced), with Fortin v. State, 203 So.2d 207 (Fla. 3d DCA 1967) (ground that guilty plea entered on understanding defendant would receive five-year sentence same as ground in prior motion that guilty plea entered because of promise of leniency). Instead, I would affirm for the reason that the record of the proceedings before the trial court (including the defendant's sworn statements that he is not mentally impaired, has discussed all possible defense with counsel and is satisfied with the representation of counsel; and reflecting that the defendant was psychiatrically evaluated prior to the entry of his plea and found to be unimpaired both then and at the time of the crime) conclusively demonstrates that the defendant is not entitled to relief.