HOBSON, Acting Chief Judge.
Henry B. Diaz, Jr. appeals an order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We reverse and remand.
Appellant was charged with aggravated battery to which he pled guilty. The sole meritorious point alleged in appellant’s Rule 3.850 motion is that his guilty plea was involuntarily entered in that the trial court purportedly failed to inform him that in so doing appellant had waived his right to appeal. Such claim, if true, might entitle appellant to relief. See Fla.R.Crim.P. 3.172(c)(iv). The trial court, however, failed to conduct an evidentiary hearing or to attach the portion of the record which conclusively refutes appellant’s allegations.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion, and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the allegations raised in appellant’s motion. See Fla.R.Crim.P. 3.850; Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983); Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982). To obtain further review in this cause, either aggrieved party must appeal the new ruling of the trial court.
REVERSED and REMANDED.
GRIMES and CAMPBELL, JJ., concur.