441 So.2d 609 (1983)
Robert Austin SULLIVAN, Appellant,
v.
STATE of Florida, Appellee.
Robert Austin SULLIVAN, Petitioner,
v.
STATE of Florida, Respondent.
Robert Austin SULLIVAN, Petitioner,
v.
Louie L. WAINWRIGHT, Etc., Respondent.
Nos. 64511, 64523 and 64522.
Supreme Court of Florida.
November 21, 1983.
*610 Paul Morris, Miami, and Jay Topkis, Eric Freedman and Steven Gey of Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for appellant/petitioner.
Jim Smith, Atty. Gen. and Carolyn Snurkowski, Asst. Atty. Gen., Miami, for appellee/respondent.
PER CURIAM.
Robert A. Sullivan appeals the trial court's denial of his motion to vacate filed pursuant to Florida Rule of Criminal Procedure 3.850. He has also filed a petition for writ of habeas corpus, a supplemental petition for writ of habeas corpus, a request for leave to file a petition for writ of error coram nobis, and a motion for stay. We affirm the trial court's order of denial, deny habeas corpus relief, deny the petition for writ of error coram nobis, and deny the motion for stay.
Sullivan was convicted and sentenced to death, after a jury recommendation of death in November 1973. We affirmed his conviction and sentence, Sullivan v. State, 303 So.2d 632 (Fla. 1974); and the United States Supreme Court denied certiorari, Sullivan v. Florida, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976). Sullivan, in March 1977, filed a complaint attacking the executive clemency process. His requested *611 relief was denied by the trial court; this Court, Sullivan v. Askew, 348 So.2d 312 (Fla. 1977); and the United States Supreme Court, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 159 (1977). Then in 1979, he filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and alleged, among many other grounds, that he was denied effective assistance of trial counsel and that his inculpatory statement was obtained in violation of his right to counsel and was obtained through coercion. He argued that upon being advised of his constitutional rights at the scene, he and his codefendant had requested an attorney who had been with them earlier. After an evidentiary hearing on the issue of ineffective assistance of counsel, the trial court denied Sullivan's motion. Sullivan appealed this denial, and while his appeal was pending in this Court, the Governor signed a death warrant for him. We affirmed the trial court's denial and held that eleven of the issues raised by Sullivan were or could have been raised in Sullivan's first appeal to this Court. We expressly decided that the transcript of the record below together with the record on the 3.850 appeal revealed that Sullivan's claim of ineffective assistance of counsel was without merit. Sullivan v. State, 372 So.2d 938, 939 (Fla. 1979).
Sullivan then filed a petition for writ of habeas corpus with the United States District Court for the Southern District of Florida. The Federal District Court granted a stay of execution and referred the matter to a United States magistrate for an evidentiary hearing. In that petition, among other matters, Sullivan's primary issue was the alleged ineffective assistance of counsel with his major complaint being that his attorney did not investigate his alibi claim and locate the witnesses who Sullivan contended could exonerate him. He additionally contended that his statement was taken in violation of the principles established in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that he was sentenced to the death penalty arbitrarily and in violation of the eighth and fourteenth amendments. A lengthy and extensive hearing was held at which all parties were present. Sullivan not only was not limited in his presentation of his claims but, in fact, was encouraged to expand the hearing to any matters which he thought would be relevant.[*] After this hearing, the magistrate entered a lengthy detailed report recommending denial of the petition on its merits. The district court entered its final order of dismissal on June 4, 1981, denying Sullivan's petition. It concluded that the record demonstrated that defense counsel throughout discharged their grave and solemn duty to Sullivan in a manner consistent with the highest technical and ethical standards of the profession. The district court specifically noted Sullivan's statement that he had received effective assistance of counsel in connection with the petition then pending and that he could think of nothing that had not previously been raised in a 3.850 motion or habeas corpus petition which may bear on whether he received fair representation and a fair trial since the day he was arrested.
*612 This denial was appealed to the United States Court of Appeals, Eleventh Circuit, and was affirmed. Sullivan v. Wainwright, 695 F.2d 1306 (11th Cir.1983). The Eleventh Circuit decided, among other things, that Sullivan received reasonably effective assistance of counsel. Relating to Sullivan's allegation of ineffective assistance of counsel, the court explained:
The failure of counsel, in 1974, to advance certain points on appeal which subsequently gained judicial recognition does not render counsel ineffective. Sullivan acknowledges that he was one of the first defendants to be tried under Florida's post-Furman death penalty statute. At the time of trial and appeal in 1973-74, the law concerning capital sentencing was in a state of reformation. Sullivan does not direct us to any case decided at that time and overlooked by counsel. Counsel's failure to divine the judicial development of Florida's capital sentencing does not constitute ineffective assistance of counsel. Accord, Proffitt v. Wainwright, supra.
695 F.2d at 1309. We agree with this holding by the Eleventh Circuit which is entirely consistent with our prior decisions.
In October 1983, Sullivan filed a second motion for post-conviction relief which was denied by the trial court on November 4, 1983. The Governor signed a death warrant for Sullivan on November 8, 1983, and Sullivan filed an appeal from the denial of his motion for post-conviction relief on November 9, 1983. He has also filed a petition and supplemental petition for writ of habeas corpus and a request for leave to file a petition for writ of error coram nobis.

Direct Appeal of the Denial of the Rule 3.850 Motion
In his motion to vacate, Sullivan raised three grounds for relief. He argued that he was denied effective assistance of counsel because his counsel had failed to investigate, that he was denied effective assistance of counsel because his attorney labored under a conflict of interest, and that he was denied his right to counsel by the denial of his request for a lawyer.
After hearing argument and having examined all files and records in this matter, the trial court denied the motion to vacate. The court determined that the first claim was precisely the same claim that was litigated in Sullivan's previous motion to vacate and in his petition to the federal court for a writ of habeas corpus. As to the second claim relating to ineffective assistance, the trial court found that the legal ground for relief was the same as raised in the prior motion to vacate. Finally, the trial court held as to the third ground for relief that the claim regarding the admissibility of the statement was litigated prior to trial in a motion to suppress and was resolved against him and is not cognizable in a Rule 3.850 proceeding.
We agree and affirm the denial of Sullivan's motion to vacate. Most recently in McCrae v. State, 437 So.2d 1388 (Fla. 1983), we reiterated that matters that were raised on appeal of a conviction and sentence and decided adversely to the movant and matters which could have been presented on that appeal are not cognizable under a Rule 3.850 motion. We also stated that a motion under Rule 3.850 may be summarily denied when it is based on grounds that have been raised in prior post-conviction motions and have been decided adversely to the movant on their merits. Sullivan's claim of ineffective assistance of counsel was clearly raised in his previous motion and was decided against him on the merits. The fact that he may raise somewhat different facts to support his legal claim does not compel a different result. The Third District reached this same conclusion in Slattery v. State, 433 So.2d 615 (Fla. 3d DCA 1983). Therein Slattery sought to set aside his conviction and sentence on the basis of a claim of ineffective assistance of counsel and that his guilty plea was coerced. The district court determined that these allegations had been raised in a prior motion and had been properly denied by the trial court. The district court correctly concluded: "In his second motion the appellant has raised different facts to support his allegation of *613 ineffective assistance of counsel which are not permitted under existing Fla.R.Crim.P. 3.850. Therefore the order denying the appellant's motion is appropriate... ." 433 So.2d at 616.
The trial court also properly concluded that Sullivan's claim that he was denied his right to counsel by the denial of his request for a lawyer was litigated prior to trial in a motion to suppress, was resolved against him, and is not cognizable in a Rule 3.850 proceeding. We note that this ground was also raised previously in Sullivan's first motion for post-conviction relief. On appeal of the denial of that motion, we held that this matter was not an appropriate ground for collateral attack. Sullivan v. State, 372 So.2d 938, 939 (Fla. 1979).

Request for Leave to File a Petition for Writ of Error Coram Nobis
Sullivan's premise for this request relates to his allegation in his motion for 3.850 relief that he was denied his right to counsel by the denial of his request for a lawyer.
Sullivan alleges that when he was arrested, he requested the police to call Thomas Murphy and that he had told the police that Murphy was an attorney. This issue of whether his rights under Miranda had been violated was raised in a motion to suppress claiming that Sullivan's statement was not admissible, was fully litigated, and was decided against Sullivan.
He contends that he now has new evidence in the form of a recantation of testimony by codefendant McLaughlin. We have examined McLaughlin's testimony at the suppression hearing and compared it with his affidavit, and we find that his affidavit does not directly contradict his previous testimony and is not a true recantation.
Moreover, even if it had amounted to a recantation, we would not have granted leave to file a petition for writ of error coram nobis because Sullivan has not alleged facts of such a vital nature that had they been known to the trial court, they conclusively would have prevented judgment. Riley v. State, 433 So.2d 976 (Fla. 1983); Hallman v. State, 371 So.2d 482 (Fla. 1979). In fact, McLaughlin's statement would not have even prevented the trial court from denying the motion to suppress the confession. We therefore deny his request for leave to file a petition for writ of error coram nobis.

Petition for Writ of Habeas Corpus
Sullivan argues that this Court, in affirming his sentence of death upon initial appeal of his judgment and sentence, did not perform a proportionality review of his sentence. He alleges that his case was not reviewed in light of later cases to determine whether or not the punishment is too great, and he asserts that this was due to the fact that his case was the first in which this Court affirmed the death sentence under Florida's then new capital punishment statute.
Since the inception of the "new" death penalty statute in 1972, this Court has engaged in a proportionality review of death cases to ensure rationality and consistency in the imposition of the death penalty. In State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1951, 40 L.Ed.2d 295 (1974), wherein we upheld the constitutionality of section 921.141, Florida Statutes (1973), we stated that review by this Court "guarantees that the reasons present in one case will reach a similar result to that reached under similar circumstances in another case." 283 So.2d at 10. See also Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981).
Proportionality review is a process wherein we review the case before us in light of the cases that have been previously decided. Sullivan's case, along with other early cases decided after the reenactment of the death penalty statute in Florida, serves as the commencement point for our proportionality review. Later cases were compared with these earlier cases to ensure proportionality. *614 By comparing the later cases with Sullivan's case, we ensured relative proportionality between his case and the cases which were subsequently decided.
Proportionality review does not mean the reopening of every prior death case when a new one is decided to determine whether the previous decision is consistent with the later one. Rather, it means viewing the later one in light of the previous decisions to ensure consistency of the later decision with the former ones. Otherwise, it would become necessary for this Court to continuously re-review every previous sentence. Defendants whose sentences of death have been affirmed cannot challenge their sentences again and again each time the death sentence of a later convicted murderer is reduced to life imprisonment. There would then be no end to the process and no standard for comparison. Therefore, finding no merit to this claim, we deny the petition for writ of habeas corpus.

Supplemental Petition for Writ of Habeas Corpus
Sullivan argues that he was sentenced to death in violation of his rights under the eighth and fourteenth amendments to the United States Constitution because the death penalty is applied in a racially discriminatory manner. As was the case in Spenkellink v. Wainwright, 578 F.2d 582 (5th Cir.1976), cert. denied, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979); Hitchcock v. State, 432 So.2d 42 (Fla. 1983); Thomas v. State, 421 So.2d 160 (Fla. 1982); Meeks v. State, 382 So.2d 673 (Fla. 1980); Adams v. State, 380 So.2d 423 (Fla. 1980); and Henry v. State, 377 So.2d 692 (Fla. 1979), Sullivan's allegations of discrimination do not constitute a sufficient preliminary factual basis to state a cognizable claim. His supplemental petition is therefore denied.

Conclusion
We affirm the trial court's denial of Sullivan's Rule 3.850 motion, deny his request for leave to file a petition for writ of error coram nobis, deny his petition and supplemental petition for writ of habeas corpus, and deny his motion for stay.
No rehearing petition will be entertained.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] During the hearing, the state asked the court to ask Sullivan's counsel:

[A]re there any grounds, legal grounds or factual grounds, any witnesses that they want to put on, we have no objection to them orally amending their petition right now. We want to have it now. This Court has been very amenable in giving him a full and fair hearing, an opportunity to present all the factual claims. The State wants to hear them all now, so that when, and if, Mr. Sullivan decides to come back on another habeas corpus petition, he has been fully and fairly apprised of the applicable law.
The court responded:
I'll tell you right now, absent some kind of evidence that could not have possibly by investigation come to mind, there is no way Rule 9 wouldn't be invoked on another habeas. That is quite evident.
... .
I said this when we first started out. What I decide here is going to be final in terms of Mr. Sullivan's appeals here in the Federal District Court of the Southern District of Florida.
Rule 9 is going to bar anything else, absent, of course, what I said, some kind of evidence that could not possibly have come to mind, could not have possibly come forward, total surprise in other words.