456 So.2d 424 (1984)
Ernest John DOBBERT, Jr., Appellant,
v.
STATE of Florida, Appellee.
Ernest John DOBBERT, Jr., Petitioner,
v.
Louie L. WAINWRIGHT, Secretary Department of Corrections of the State of Florida, Respondent.
Nos. 65465, 65782.
Supreme Court of Florida.
August 28, 1984.
*425 Patrick D. Doherty, Clearwater, and Steven Malone of Rahdert, Malone & Richardson, St. Petersburg, for appellant/petitioner.
Jim Smith, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., Miami, for appellee/respondent.
ALDERMAN, Justice.
Ernest John Dobbert appeals two orders of the trial court denying his motions to vacate his judgment and death sentence. He has also filed a petition for writ of habeas corpus and an application for stay of execution. Finding no error, we affirm the trial court's denial of these motions. We also deny the petition for habeas corpus and the application for stay.
In 1974, Dobbert was convicted of the first-degree murder of his nine-year-old daughter and was sentenced to death. He was also convicted of second-degree murder of his seven-year-old son, child torture of his eleven-year-old son, and child abuse of his five-year-old daughter. This Court and the Supreme Court of the United States affirmed his convictions and death sentence. Dobbert v. State, 328 So.2d 433 (Fla. 1976), aff'd, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). Subsequently Dobbert *426 sought relief here on the basis that he had not received a copy of the presentence investigation report which had been furnished the trial court at the time it first sentenced Dobbert. Finding a Gardner[1] violation, we relinquished jurisdiction to the trial court with directions to set aside the death sentence and to afford Dobbert the opportunity to respond to the presentence investigation report before resentencing. The trial court set aside the sentence, conducted a plenary resentencing hearing, and again sentenced Dobbert to death. We affirmed the sentence of death, and the Supreme Court of the United States denied certiorari. Dobbert v. State, 375 So.2d 1069 (Fla. 1979), cert. denied, 447 U.S. 912, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980). The governor signed a warrant for Dobbert's execution on June 25, 1981, and his execution was scheduled for July 22, 1981. The Supreme Court of the United States, however, stayed execution pending its disposition of a petition for writ of certiorari in Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981). A second warrant was signed by the governor on January 6, 1982, and Dobbert's execution was scheduled for February 2, 1982.
The day after the governor signed the second warrant, Dobbert filed a motion to vacate his death sentence and alleged that he was denied his sixth amendment right to a fair trial because the state, in the Fourth Judicial Circuit, had systematically exercised peremptory challenges to exclude persons who had scruples against the imposition of the death penalty; that the Supreme Court of Florida may have improperly considered psychiatric examinations in some death appeals; that the Supreme Court of Florida's construction of the aggravating circumstance of "heinous, atrocious, or cruel" is overbroad, thereby rendering its application unconstitutional; that the trial court considered nonstatutory aggravating factors; and that the imposition of the death penalty in his case constituted cruel and unusual punishment. In an addendum to his motion to vacate, Dobbert alleged that the trial court erred in imposing the death sentence after a jury recommendation of life. After hearing, the trial court denied Dobbert's motion to vacate. We affirmed and denied his motion for stay of execution. Dobbert v. State, 409 So.2d 1053 (Fla. 1982). He then filed a petition for writ of habeas corpus alleging thirteen grounds[2] for relief in the federal district court. The district court issued a certificate of probable cause under 28 U.S.C. § 2253 (1976), but denied a stay of execution. In the meantime the United States Circuit Court of Appeals for the Eleventh Circuit granted Dobbert's request for stay of execution. Dobbert v. Strickland, 670 F.2d 938 (11th Cir.1982). The federal district court denied his petition for relief on January 30, 1982. Dobbert v. Strickland, 532 F. Supp. 545 (M.D.Fla. 1982). He appealed to the United States Circuit Court of Appeals for the Eleventh Circuit which affirmed. Dobbert v. Strickland, 718 F.2d 1518 (11th Cir.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 3591, 82 L.Ed.2d 887 (1984).
In February 1982, Dobbert filed a request with this Court for leave to file a petition for writ of error coram nobis on the basis that he was convicted of the first-degree murder of his daughter and was sentenced to death solely upon false testimony of his son and that the untruthfulness of this testimony could not have been discovered at the time of trial through the use of due diligence. We denied his *427 request on the basis that the evidence submitted by Dobbert was not new evidence. Dobbert v. State, 414 So.2d 518 (Fla. 1982).
After this Court's denial of his request for leave to file a petition for writ of error coram nobis, Dobbert filed a second petition for writ of habeas corpus in the federal district court. He alleged that his conviction of first-degree murder was based solely on perjured testimony. The federal district court dismissed this petition without prejudice. Dobbert v. Strickland, No. 82-1014-Civ-J-B (M.D.Fla. May 6, 1983).

Appeal from Denial of Initial Rule 3.850 Motion
Dobbert, pursuant to Florida Rule of Criminal Procedure 3.850, then filed a second motion to vacate his judgment and sentence wherein he contended that his conviction and sentence for the first-degree murder of his daughter were based solely on perjured testimony; that he was denied effective assistance of counsel because counsel did not adequately cross-examine John Dobbert III, Dobbert's son; and that the prosecutor used testimony which he knew or should have known was perjured.
The trial court held an evidentiary hearing and then entered a detailed order denying Dobbert relief. It made findings of fact and carefully set out its rationale for denying relief on each of the grounds raised by Dobbert. He appeals this order and argues that the trial court erred in denying his request for relief on each of these grounds.
Relative to Dobbert's claim of ineffective assistance of counsel, the trial court went at great length into the background, experience, preparation, and trial strategy of Dobbert's counsel. It found that his counsel's trial strategy and tactics were based on counsel's considerable experience, exhaustive preparation, judgment, and knowledge of the case. The court summarized the present criticism of defense counsel as follows:
In more succinct terms, Southwood was effective counsel in months of pretrial preparation, was effective counsel in filing twenty-one motions and pleadings, was effective counsel in taking forty-one depositions, was effective counsel in five days of jury voir dire, was effective counsel in five days of trial, was effective counsel in direct and cross examination of trial witnesses, and was effective counsel in the advisory sentence proceedings. But, because he did not question one witness in the manner Doherty and Harrison considered appropriate  they contend he was ineffective counsel for the defendant.
The trial court notes that the assertion now being made by Dobbert's present counsel and concurred with by a defense witness testifying at the evidentiary hearing is being made ten years after the trial, long removed from the publicity, drama, and intensity which surrounded the trial in 1974 and without the benefit of defense counsel's meticulous preparation and extensive knowledge of all the facts of the case. After quoting the portions of defense counsel's testimony at the evidentiary hearing describing his basis for not questioning John Dobbert III in the manner which present counsel for Dobbert asserts he should have done, the trial court concluded that counsel was effective. The court explained that defense counsel, in his cross-examination, attempted to limit John III's testimony to avoid a "parade of horribles" that might have been brought out by John III had counsel further cross-examined him along the lines now put forth by Dobbert in his 3.850 motion. The trial court outlined the prejudicial facts that could have been testified to by John III, facts which defense counsel and the state attorney were fully aware of by virtue of months of exhaustive preparation. It found that by limiting cross-examination, defense counsel avoided the risk of John III "breaking down" and relating many incidents which were not brought out on direct examination by the assistant state attorney but which he was prepared to go into and had attempted to bring out. Had the bestial behavior and sadistic brutalities been brought out on cross-examination or on redirect, the court *428 found there would be little doubt that it would have inflamed the minds of the jurors.
Applying the test announced by this Court in Knight v. State, 394 So.2d 997 (Fla. 1981), wherein this Court established the criteria to be applied in evaluating the merits of claims of ineffective assistance of counsel, the trial court held that Dobbert failed to prove that defense counsel was ineffective and that, even though the defense failed to carry its burden, the state presented evidence to show beyond a reasonable doubt that there was no prejudice in fact. The court found that the evidence conclusively shows that defense counsel was effective trial counsel.
Dobbert challenges the findings of the trial court that he did not meet his burden under Knight to demonstrate ineffective assistance of counsel but additionally argues that the criteria for evaluating ineffectiveness of counsel claims have been altered by the decision of the Supreme Court of the United States in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that, therefore, the case should be remanded for a new hearing with instructions to apply the standards enunciated in Washington.
First, we hold that the trial court properly determined that Dobbert failed to establish a claim of ineffective assistance of counsel under the Knight test. Moreover, we also hold that he has failed to establish this claim under the standards outlined in Strickland v. Washington to determine whether a defendant has been denied his sixth amendment right to effective assistance of counsel. Contrary to Dobbert's assertion, we have previously stated that the standards announced in Washington do not differ significantly from the standards which we previously adopted in Knight. Downs v. State, 453 So.2d 1102 (Fla. 1984); Jackson v. State, 452 So.2d 533 (Fla. 1984). We find that Dobbert has failed to demonstrate the ineffectiveness of his counsel under the standards set forth in Strickland v. Washington. In Washington, the Supreme Court held that for a defendant to succeed on a claim of ineffectiveness of counsel, he must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Counsel's performance is measured by a standard of reasonableness under prevailing professional norms considering all the circumstances at the time of counsel's conduct. The Supreme Court expressly stated:
Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-134 [102 S.Ct. 1558, 1574-1575, 71 L.Ed.2d 783] (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."
104 S.Ct. at 2065-66. It further emphasized that defense counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment and that strategic choices after thorough investigation of the law and facts are virtually unchallengeable.
Accordingly, we affirm the trial court's denial of this claim for relief.
Next, as to Dobbert's claim that his murder conviction was based solely on perjured testimony of John Dobbert III, the trial court reviewed, evaluated, and related *429 in great detail the chronology of proven facts relating to statements and testimony of John Dobbert III. It concluded that it is obvious from this analysis that the murder conviction was not based solely or in part upon perjured testimony and that there is no evidence or proof to support present counsel's allegation of perjury.
We agree and hold that this ground is likewise without merit and was properly denied by the trial court.
Addressing Dobbert's assertion that the prosecutor used testimony which he knew or should have known was perjured testimony, the trial court evaluated the assistant state attorney's background and experience, his preparation to contact John III, his efforts to ensure truthful testimony, his visits with John III in Wisconsin, his evaluation of the 1972 police statement, and his evaluation of the circumstances of the police statement. Citing to the record testimony, the court outlined the efforts of the assistant state attorney to ensure truthful and accurate testimony from John III. It concluded that the assistant state attorney did not use perjured testimony, knowingly or otherwise, and thus found this point to be without merit and denied it.
We likewise find this point to be without merit and affirm the trial court's denial.
We find no merit to any points raised on this appeal by Dobbert. Accordingly, we affirm the denial of his motion to vacate.

Appeal from Denial of Subsequent Rule 3.850 Motion to Vacate
Subsequent to the trial court's order denying the initial 3.850 motion and while we were considering the appeal from that order, Dobbert filed another motion to vacate wherein he alleged that the trial court erred in giving a certain jury instruction and in not giving another instruction, that the death penalty is being discriminatorily applied in this state with regard to the race of the victim, and that counsel's failure to object to the giving of a particular jury instruction and to object to the failure to give another instruction constitutes ineffective assistance of counsel. Under Florida Rule of Appellate Procedure 9.600, we allowed the trial court to rule on this subsequent motion.
The trial court denied this motion and held that the claims regarding the instruction on felony murder, which included a reference to abominable and detestable crimes against nature, and regarding the failure to instruct on the underlying offenses enumerated for felony murder were not cognizable in this proceeding because they could have been raised on direct appeal. We agree. McCrae v. State, 437 So.2d 1388 (Fla. 1983).
The trial court also summarily denied Dobbert's claim that the death penalty is being discriminatorily applied in this state with regard to race of the victim. There is no merit to this claim. In State v. Washington, 453 So.2d 389 (Fla. 1984), we reiterated that we have recently rejected claims that Florida's death penalty is imposed in an arbitrary and discriminatory manner.
As to Dobbert's claim that trial counsel was ineffective because he failed to object to the giving of the one instruction and the failure of the trial court to give instructions on the elements of the underlying felony offenses, the trial court found:
It is noted that Petitioner, in a previous Motion for Post Conviction Relief filed pursuant to Rule 3.850, raised this identical legal challenge based on other facts, and this Court has dealt with this issue at length in its 102 page order issued May 1, 1984.
This Court finds that there is no justifiable excuse for not having raised all the factual allegations to support his legal challenge to the competency of his trial counsel in his previous Motion for Post Conviction Relief. Under the case law in Florida, petitioner is not permitted to litigate facts in a piece-meal fashion in order to continually reargue a legal claim which has been decided against him in previous litigation. Sullivan v. State, 441 So.2d 609, 612 (Fla. 1983), Slattery v. State, 433 So.2d 615 (Fla. 3d DCA 1983).
*430 We agree with the trial court. In Sullivan v. State, 441 So.2d 609, 612-13 (Fla. 1983), we stated that a rule 3.850 motion may be summarily denied
when it is based on grounds that have been raised in prior post-conviction motions and have been decided adversely to the movant on their merits. Sullivan's claim of ineffective assistance of counsel was clearly raised in his previous motion and was decided against him on the merits. The fact that he may raise somewhat different facts to support his legal claim does not compel a different result. The Third District reached this same conclusion in Slattery v. State, 433 So.2d 615 (Fla. 3d DCA 1983). Therein Slattery sought to set aside his conviction and sentence on the basis of a claim of ineffective assistance of counsel and that his guilty plea was coerced. The district court determined that these allegations had been raised in a prior motion and had been properly denied by the trial court. The district court correctly concluded: "In his second motion the appellant has raised different facts to support his allegation of ineffective assistance of counsel which are not permitted under existing Fla.R.Crim.P. 3.850. Therefore the order denying the appellant's motion is appropriate... ." 433 So.2d at 616.
Accordingly, we affirm the trial court's denial of this subsequent motion.

Petition for Writ of Habeas Corpus
Dobbert also has filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. He argues that appellate counsel was ineffective in not challenging on appeal a jury instruction on felony murder given by the trial court which included reference to the offense of the abominable and detestable crime against nature and in not challenging the failure of the trial court to instruct on the elements of the underlying felony offenses enumerated. He maintains that these errors were fundamental and, therefore, could have been raised on appeal despite trial counsel's failure to object to the felony murder instruction given by the trial court or to request an instruction on the elements of the underlying felonies enumerated.
Because there was no objection to the presently challenged instruction at trial and no request that the instruction on elements of felony offenses be given, Dobbert's appellate counsel could have obtained review of these issues on appeal only by demonstrating that they constituted fundamental errors. If counsel could not convincingly argue fundamental unfairness, then not raising these issues cannot be considered a serious and substantial deficiency. See McCrae v. Wainwright, 439 So.2d 868 (Fla. 1983).
In McCrae, we addressed the question of whether the inclusion of the reference to "the abominable and detestable crime against nature" in the definition of felony murder, which offense was stricken from the statutes for vagueness, rendered the trial of McCrae fundamentally unfair and determined that since the instruction did not render the trial fundamentally unfair and was not objected to, the issue would not have been cognizable on direct appeal. Thus, we concluded, the failure of appellate counsel to challenge it on appeal was not a serious and substantial deficiency.
We likewise find that, because the instruction now challenged by Dobbert did not render his trial fundamentally unfair and was not objected to, failure of his appellate counsel to raise this point on appeal was not a substantial and serious deficiency measurably below the standard of performance expected of competent counsel. Knight v. State, 394 So.2d 997 (Fla. 1981).
In support of his argument that failure of the trial court to instruct on the elements of the underlying felony offenses constitutes fundamental error, Dobbert cites Robles v. State, 188 So.2d 789 (Fla. 1966), and State v. Jones, 377 So.2d 1163 (Fla. 1979). Since our decision in Jones, however, wherein we reaffirmed Robles, *431 we have reiterated that in Jones we expressly noted that there was no contention that there was sufficient evidence to establish premeditated murder. In Knight v. State, Knight argued that his appellate counsel had not provided reasonably effective assistance of counsel because he did not present on appeal the issue of the trial court's failure to instruct the jury on the elements of the underlying felony. Knight argued that in light of Jones and Robles, this error was fundamental and could have been raised on direct appeal despite his trial counsel's failure to request this instruction or to object to the failure to give it. We disagreed with Knight's assertion that failure to give this instruction was per se fundamental error and held:
[W]here there is sufficient evidence of premeditation, the failure to give the underlying felony instruction, where it has not been requested, is not error which mandates a reversal absent a showing of prejudice. See Frazier v. State, 107 So.2d 16 (Fla. 1958).
We find the failure of appellate counsel, who was also trial counsel, to raise this issue is not an omission that was a serious deficiency, and we further find that no prejudice was shown... .
However, the record in this cause, and in particular the final argument of counsel, demonstrates that the state, although it mentioned felony murder, strongly argued premeditated murder to the jury. The record reflects that there is not only sufficient but overwhelming evidence of premeditated murder. We find that under the circumstances of this case and our review of the record that neither Robles nor Jones applies, but Frazier does apply. We are satisfied beyond a reasonable doubt that the failure to give the instruction at issue was not prejudicial and did not contribute to the petitioner's conviction. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
394 So.2d at 1002. See also Jent v. State, 408 So.2d 1024 (Fla. 1981), cert denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982); McKennon v. State, 403 So.2d 389 (Fla. 1981).
In the present case, failure to give this instruction was not fundamental error. Dobbert was indicted for the first-degree premeditated murder of Kelly. Premeditation was the only basis upon which the state proceeded to obtain Dobbert's conviction for the first-degree murder of Kelly. The record here reflects that there is not only sufficient but overwhelming evidence of premeditated murder. Therefore, State v. Jones and Robles v. State are not applicable here.
Dobbert has failed to establish ineffective assistance of appellate counsel under the standards announced in Knight v. State and Strickland v. Washington.
Accordingly, the petition for writ of habeas corpus is denied.

Conclusion
Therefore, finding no merit to any of Dobbert's claims, we affirm the orders of the trial court denying relief, and we deny the petition for writ of habeas corpus. We also deny Dobbert's motion for stay. No motion for rehearing will be entertained.
It is so ordered.
BOYD, C.J., and ADKINS and SHAW, JJ., concur.
McDONALD, J., dissents in part with an opinion, in which OVERTON, J., concurs.
McDONALD, Justice, dissenting in part.
Critical to the conviction for first-degree murder and the resulting death sentence of Dobbert was the testimony of his eleven-year-old son, Ernest John Dobbert, III. While the evidence presented without his testimony was adequate to convict of second-degree murder, young Dobbert's testimony supplied the sole basis for finding premeditation. There is no doubt that Dobbert inflicted injuries that caused the death of his daughter, but only through the trial testimony of young Dobbert is there evidence of his intent to cause that death.
*432 Before trial and now through recanted testimony, young Dobbert excludes from his testimony that his father intentionally choked his sister to death. On this appeal from the denial of relief it was proclaimed for the first time that young Dobbert's trial testimony evolved following several hypnotic sessions. It also followed extensive drug therapy and many interviews with the prosecutor. At this juncture it is unclear whether young Dobbert's testimony was convoluted as a result of these hypnotic sessions. Neither trial counsel, appellate counsel, nor other post-trial motions have raised this issue. Perhaps they could have and because of that it should not be a matter of concern to me now. Nevertheless, since Dobbert's life depends on the correctness of his son's testimony, and there appears to be a substantial argument that that testimony did not reflect the untainted or accurate memory of the son, I would grant a stay in this proceeding and delve more deeply into this matter.
I am not unmindful of the age of this case. The trial judge has reviewed and given detailed thought to all of these proceedings. But the inherent unreliability of hypnotic testimony is so great that these other considerations should yield, at least temporarily, to the doubt created by the effect of drugs and the hypnotic sessions on this critical testimony.
I approve of the denial of the habeas corpus petition, but because of the foregoing would grant a stay for further proceedings.
OVERTON, J., concurs.
NOTES
[1] Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).
[2] The following grounds were raised in this federal habeas corpus petition: Insufficiency of the evidence, refusal to consider relevant mitigating circumstances, striking aggravating circumstances, refusal to instruct jury on a lesser included offense, the Supreme Court of Florida's improper ex parte consideration of extra-record materials, systematic exclusion of death scrupled jurors, improper overriding of jury's verdict of life imprisonment, unconstitutionality of trial court overriding jury verdict of life and imposing a sentence of death, improper restriction of mitigating circumstances, refusal to sever counts, improperly admitted prejudicial evidence, improper closing argument, and unconstitutional aggravating evidence.