493 So.2d 55 (1986)
Mark Allen BIR, Appellant,
v.
STATE of Florida, Appellee.
No. BL-246.
District Court of Appeal of Florida, First District.
August 20, 1986.
Mark Allen Bir, in pro. per.
No appearance for appellee.
NIMMONS, Judge.
The defendant appeals from an order denying, without hearing, his motion for postconviction relief filed pursuant to Fla.R. Cr.P. 3.850. We affirm.
Defendant's motion contends that he was denied effective assistance of counsel by reason of the fact that his appointed trial counsel (Mr. Treacy), who had previously served as an assistant state attorney, had, prior to his joining the public defender's staff, appeared on behalf of the state at the defendant's first appearance and arraignment in the instant case. The motion further alleges that, after the appointment of the public defender, Mr. Treacy moved to withdraw as counsel for the defendant which motion was denied by the trial court. The case proceeded to trial. Prior to the trial's conclusion, the defendant entered a plea of nolo contendere and was adjudicated and sentenced.[1] In addition to the claim of ineffective assistance of counsel, the motion also claims that the defendant's attorney, Mr. Treacy, coerced him into pleading nolo contendere.
In an earlier 3.850 motion filed in May 1985, the defendant claimed entitlement to relief based, in part, upon ineffective assistance of counsel. Such motion was denied without hearing and the defendant filed in this Court an appeal therefrom. This Court recently dismissed such appeal inasmuch as the defendant failed to timely file a notice of appeal. Bir v. State, BK-129 (Fla. 1st DCA July 30, 1986). Although our examination of the motion involved in BK-129 shows that the factual basis alleged in that motion for ineffective assistance of counsel is different from the basis for the ineffective assistance alleged in the second (instant) motion, the trial court was justified in summarily denying the second motion.
"Where an initial motion for postconviction relief raises the claim of ineffective assistance of counsel, the trial court may *56 summarily deny a successive motion which raises additional grounds for ineffective assistance of counsel."
Christopher v. State, 489 So.2d 22 (Fla. 1986). See also Dobbert v. State, 456 So.2d 424 (Fla. 1984) and Slattery v. State, 433 So.2d 615 (Fla. 3d DCA 1983).
With respect to the instant motion's allegation that the defendant was coerced into pleading guilty, such is refuted by the transcript of the plea dialogue[2] The following are pertinent excerpts from the plea dialogue:
"Q. [Court] Has anyone forced you or threatened you in any manner or made any promises to you other than stated in open court today, or tonight, in the plea agreement that is set forth on record in order to coerce you to plead nolo contendere?"
A. [Defendant] No.
* * * * * *
Q. [Court] Are you satisfied with your counsel, Mr. Treacy and Mr. Coyle?
A. [Defendant] Yes sir.
The purpose for requiring the kind of plea dialogue contemplated by Fla.R.Cr.P. 3.172 is to assure that the guilty or nolo contendere plea is entered voluntarily and not through coercion. The defendant's answers to the above questions are sufficient to refute the defendant's allegations of coercion. Hagans v. State, 492 So.2d 753 (Fla. 1st DCA 1986); Thomas v. State, 419 So.2d 1141 (Fla. 1st DCA 1982).
AFFIRMED.
MILLS and WIGGINTON, JJ., concur.
NOTES
[1] His direct appeal to this Court resulted in an affirmance in Bir v. State, 405 So.2d 1073 (Fla. 1st DCA 1981).
[2] Such dialogue was attached to the defendant's first 3.850 motion which we have examined from this Court's records in Case No. BK-129 (referred to above).