NIMMONS, Judge.
Appellant appeals from an order denying his Fla.R.Crim.P. 3.850 motion.[1] We affirm.
The only ground alleged in the motion which merits discussion is that which states that the trial court, in conducting the plea dialogue after the entry of the defendant’s nolo contendere plea, failed to tell the defendant of “his right to preserve issues for appeal in the context of a nolo contendere plea.” It is one thing to fail to inform a defendant that by entering his plea he waives his right to appeal. See Diaz v. State, 439 So.2d 1011 (Fla. 2nd DCA 1983). That is entirely different from saying that a defendant who pleads nolo contendere must be informed, as a prerequisite to the validity of the plea, that the Court, in its discretion, may, if the defendant so requests, permit the defendant to appeal certain dispositive rulings which the trial court has made. Our research reveals no case which has interpreted Fla.R.Crim.P. 3.172 in such a distorted manner.[2]
AFFIRMED.
ERVIN, J., concurs.
MILLS, J., dissents with written opinion.

. The original appeal (our docket number BK-129) from the subject order was earlier dismissed by this Court as untimely. However, appellant subsequently filed a habeas corpus petition seeking a belated appeal. The petition was granted and the instant appeal was allowed to proceed under docket number BQ-298. The original appeal in BK-129 was alluded to in another appeal involving another 3.850 motion filed by this appellant. See Bir v. State, 493 So.2d 55 (Fla. 1st DCA 1986).

. Rule 3.172(c) provides, in pertinent part:
(c) * * * [x]he trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he understands the following:
[[Image here]]
(iv) That if he pleads guilty, or nolo conten-dere without express reservation of right to appeal, he gives up his right to appeal all matters relating to the judgment, including the issue of guilt or innocence, but he does not impair his right to review by appropriate collateral attack.