974 So.2d 1142 (2008)
Ensi PRUDENT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1969.
District Court of Appeal of Florida, Third District.
February 13, 2008.
*1143 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before GERSTEN, C.J., and CORTIÑAS, J., and SCHWARTZ, Senior Judge.
CORTIÑAS, J.
Appellant, Ensi Prudent ("Prudent"), seeks review of his first degree murder conviction on the basis that omission of the elements of felony murder in the jury instructions given at trial constitutes fundamental error. We find no fundamental error and affirm.
On July 1, 2003, Felix Similien (the "victim"), was shot and killed in a residential neighborhood. At trial, Genita Milhomme testified that she saw Prudent and the victim, whose hands were raised in the air, standing outside of her home. Milhomme witnessed Prudent fire three shots at the victim, after which Prudent and another individual left the area in a Nissan automobile. Vladimir Gilles testified that he heard a shot fired, looked out of his window, saw Prudent fire two shots at the victim, and subsequently enter a vehicle with another individual. Additionally, Andy Destave, the brother of Vladimir Gilles, testified that he heard a gunshot and when he looked out the window, he saw Prudent holding the gun. He then witnessed Prudent fire two more shots at the victim.
The State and the defense agreed upon the following jury instruction for first degree murder, which stated, in pertinent part:
There are two ways in which a person may be convicted of first degree murder. One is known as premeditated murder and the other is known as felony murder.
Defense counsel made no objection to the wording of the jury instruction but now contends that giving the instruction with a reference to felony murder, without also providing an instruction specifying the elements of felony murder, constitutes fundamental error. We disagree.
Jury instructions must include all essential and material elements of the crime charged. State v. Delva, 575 So.2d 643, 644 (Fla.1991). Any deficiency in the jury instructions requires that a contemporaneous objection be made at trial. Id. However, if counsel fails to object at trial, an error in the jury instructions may be raised on appeal if the error is fundamental. Id. To be considered fundamental "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged *1144 error." Id. (quoting Brown v. State, 124 So.2d 481, 484 (Fla.1960)); J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998) ("An error is fundamental when it goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process.").
Whether a failure to instruct the jury constitutes fundamental error depends upon the factual issues of the case. Johnson v. State, 833 So.2d 252, 254 (Fla. 4th DCA 2002). Fundamental error analysis requires an examination of: (1) each jury instruction in the context of the other jury instructions; (2) the arguments presented by counsel; and (3) the evidence presented during trial. Garzon v. State, 939 So.2d 278, 283 (Fla. 4th DCA 2006). However, if the jury instruction fails to instruct on an element of the crime and the record indicates that this element is not in dispute, then there is no fundamental error and the contemporaneous objection rule applies. Delva, 575 So.2d at 644; Johnson, 833 So.2d at 254.
In Dobbert v. State, 456 So.2d 424, 431 (Fla.1984), appellant argued ineffective assistance of counsel for failure to challenge a felony murder jury instruction that omitted the elements of the underlying felony offenses. Id. The Florida Supreme Court found that the State obtained its conviction of first degree murder only on the basis of premeditation. Id. Furthermore, there was "not only sufficient but overwhelming evidence of premeditated murder." Id. As such, the errors were not fundamental and did not rise to the level of ineffective assistance of counsel.
Prudent contends that omission of the elements of felony murder constitutes fundamental error. He suggests that, because there was testimony that the victim's hands were raised in the air prior to the shooting, the jury may have concluded that Prudent shot the victim during the commission of a robbery. As a result, the jury may have convicted him on the basis of felony murder. The State contends that the jury found Prudent guilty of Count I of the Indictment, which references only premeditated first degree murder. Furthermore, the State argues that its only theory for prosecuting Prudent was on the basis of first degree premeditated murder and there was sufficient testimony describing how the witnesses saw Prudent stand in front of the victim and shoot him, thereby supporting a conviction based on premeditation.
We agree that the record reflects overwhelming evidence of premeditated murder upon which the jury may have based its conviction. Accordingly, we find that the omission in the jury instruction did not constitute fundamental error and a contemporaneous objection was required in order to preserve this claim of error. Based on our review of the totality of the circumstances, we affirm the conviction of first degree murder.
Affirmed.